BARNHILL, J., concurring in part and dissenting in part.
This action was brought by Amanda Cheek, administratrix of the estate of J. H. Cheek, deceased, to recover for the injury and death of her intestate, which she alleges was caused by the negligence of the defendants.
Defendants denied the material allegations of the complaint and pleaded a release executed by the deceased a short time after this injury; and the plaintiff replied, pleading mistake and fraud in procurement of the release.
The defendants pleaded that the matters in controversy had become resadjudicata, both as to the release and as to the merits of the case, because of a former judgment of involuntary nonsuit rendered in a former case between these parties involving substantially the same evidence.
In support of the plea of res adjudicata the defendants introduced the record of the former trial for the purpose of showing that substantially the same evidence was presented by the plaintiff in the first case, both on her allegations of fraud and mistake as to the release, and on the merits relating to negligence and injury.
On the questions of negligence and injury, the plaintiff at this trial introduced additional evidence tending to show that the engineer in the operation of the engine which struck the caboose in which the deceased was standing, thereby causing his injury, had neglected signals to stop and had not kept a proper lookout for the danger.
The defendants introduced the following judgment rendered on a former trial:
"Judgment. This cause coming on to be heard and being heard before the undersigned judge and a jury, and the defendants, and each of them, at the close of plaintiff's evidence, moved for judgment as of nonsuit. Motion was overruled. Whereupon, defendants and plaintiff introduced further evidence and at the close of hearing all the evidence, the *Page 154 
defendants and each of them renewed their motion for judgment as of nonsuit. Upon hearing argument of counsel for plaintiff and defendants, and after considering the matter, the court is of the opinion the motion should be sustained. It is therefore ordered and adjudged by the court that the action be and the same is hereby nonsuited and dismissed. (Signed) P. A. McElroy, Judge Presiding."
Plaintiff introduced evidence in support of her contention that the release was procured through fraud and made under a mistake of fact, and the defendants offered evidence to the contrary.
Three issues were submitted to the jury on this phase of the case, the first as to the making of the release, the second as to fraud and misrepresentation, which the jury answered "No," and the third as to mistake. The issue was as follows:
"Did the plaintiff's intestate execute said paper writing by reason of mutual mistake of himself and the defendant Southern Railway Company, as alleged in the reply?"
Upon this issue the judge instructed the jury as follows:
"Where a contract in writing is executed by only one of the parties under mistake as to the facts which is the essence of the contract, the mistake constitutes grounds for a court of equity to rescind and cancel as apparently written, and place the parties in status quo, that is, in the former condition. Mistake on either side is ground for rescinding a contract.
"It is a rule that misrepresentations of material facts, although innocently made, if acted on by the other party to his detriment, will cause a sufficient ground for a rescission and cancellation of a contract in equity. The real inquiry is not whether the party making the representations knew it to be false or whether the other party believed it to be true, and was misled by it in making the contract; and whether misrepresentations were made innocently or knowingly, the effect is the same. It is as conclusive a ground for relief in equity as a willful or false assertion, for it operates as a surprise and imposition on the other party; and in such case the party may be held to his representations.
"I charge you if you find by evidence clear, strong, cogent and convincing that at the time the release in question was executed by Mr. Cheek, that either Mr. Cheek or Mr. Cooper, representing the Southern Railway Company, were mistaken about the facts as they then existed with respect to Mr. Cheek's injury, and the nature of it, and the seriousness of it, and you further find by such evidence that they, or either of them, acted on the belief that he was only temporarily, not permanently injured, and you find that the consideration was grossly inadequate, then I charge you, gentlemen of the jury, that that would be such mistake of the facts as is defined by the law which I have just read to you, and *Page 155 
if you so find, by the kind and character of evidence I have defined, that is, gentlemen, by evidence clear, strong, cogent and convincing that the release was signed under a mistake of facts, as I have indicated, it would be your duty to answer the third issue `Yes.'"
To each of these instructions the defendants excepted.
The jury answered the issue in favor of the plaintiff.
1. We do not think the present state of the record has placed the Court in a position to rule on the question of res adjudicata as applied to the release claimed to be effected by the involuntary nonsuit on the evidence in the first case.
If we assume that a substantial identity exists between the evidence on the first trial and that in the case at bar on this question, we are met with the difficulty that the judgment of involuntary nonsuit in the first trial is general in its character and does not specify any particular phase of the case to which it applied. That case was subject to nonsuit if the plaintiff failed to establish her contention of fraud or mistake by evidence sufficient to avoid the release, and equally so upon her failure to produce evidence sufficient to go to the jury on the question of negligence, injury, and damage. There was a further suggestion that the complaint in the first case was defective in not properly setting out facts as to the dependents of deceased and that the evidence in that respect was not addressed to an adequate declaration in the complaint.
While ordinarily a judgment under review may be sustained on any ground legally justifying it, even though the judgment itself may be predicated on a different ground, it is questionable, at least, whether this rule can be applied to a judgment in a former suit pleaded as res adjudicata, where the burden is on the pleader to bring itself within its terms. We do not pass upon this matter but refer to it in order that it may be understood that it has not escaped the attention of the Court.
2. On the trial, the question of fraud and misrepresentation was submitted under an appropriate issue, thus segregating that phase of the case and its pertinent evidence. The third issue related to mistake alone and was framed to present the question of mutual mistake.
On this issue, in the above excerpts from the charge the judge instructed the jury that the release could be avoided "by mistake of either party" — that is, by mistake of either the party seeking to avoid it or the party seeking to enforce it. This statement is so broad, and so untenable, as to suggest inadvertence. *Page 156 
A contract is the product of two or more consenting minds making a commitment about the same thing, binding on the parties at law or in equity. It is true that where there has been no meeting of the minds on the essentials of the treaty, no contract results. Lumber Co. v. Boushall,168 N.C. 501, 84 S.E. 800. But if we can conceive of such a situation — or, indeed, of a case of "innocent misrepresentation" — that cannot be resolvable into mutual mistake (Great Northern R. Co. v. Fowler, 136 F., 118, 69 C.C.A., 106; Seymour v. Chicago N.W. Ry. Co.,181 Ia., 218, 164 N.W. 352, 357; Williston on Contracts, Rev. Ed., section 1551, and notes), still we can find no authority for the rescission of a contract for mistake at the instance of a party who has made no mistake.
If we confine the allusions in the instruction to the plaintiff seeking relief from his own mistake, it is still contrary to established precedent. This Court has not adopted the doctrine that an unilateral mistake — or mistake alone of the party seeking to avoid the contract — unaccompanied by fraud, imposition, undue influence, or like circumstances of oppression, is sufficient to avoid a contract. We do not undertake to catalogue the conditions which will give rise to equity jurisdiction. We simply say that the mere mistake of one party alone is not sufficient to avoid the contract. Bean v. R. R., 107 N.C. 731, 747, 12 S.E. 600. To have that effect, the mistake must be mutual. Ebbs v. Trust Co.,199 N.C. 242, 153 S.E. 858; Hinsdale v. Phillips, 199 N.C. 563, 572,155 S.E. 238; West v. R. R., 151 N.C. 231, 236, 65 S.E. 579; White v. R. R.,110 N.C. 456, 461, 15 S.E. 197.
As we have seen, the issue submitted to the jury raises only the question of mutual mistake. The instructions given are not pertinent to such an inquiry, and as statements of law on the subject given the jury to consider they cannot be approved.
Other exceptions need not be considered.
For the errors noted, the defendants are granted a new trial.
New trial.