## NOEL C. MacKAY v. CALLIE C. McINTOSH.

(Filed 12 April, 1967.)

**1. Appeal and Error § 21—**

An exception to the judgment presents for review only whether error of law appears on the face of the record.

**2. Appeal and Error § 49—**

Where the findings of fact by the court, in a trial by the court under agreement of the parties, support the judgment, an exception to the judgment cannot be sustained.

**3. Appeal and Error § 22—**

An exception that the findings of fact by the trial court are not supported by evidence, without an exception to any particular finding, is broadside and ineffectual.

**4. Cancellation and Rescission of Instruments § 4;   Brokers and Factors § 3—   Mutual mistake of purchaser and seller's broker warrants rescission.**

Defendant's evidence was to the effect that he signed the contract for the purchase of the property in question in reliance upon the representation of plaintiff's real estate agent that the property was zoned for business purposes, and that both defendant and the agent acted pursuant to their mistaken belief that this representation was true when in fact it was false. *Held:* The evidence supports rescission of the contract for mutual mistake, since it would be unconscionable to allow plaintiff to profit by defendant's reasonable reliance upon the unintentional false representations made by plaintiff's agent in her negotiations in his behalf with defendant. Whether the unauthorized representation of the broker could be the basis of an action for damages against plaintiff is not presented.

**5. Evidence § 27;   Contracts § 26—**

The parol evidence rule does not preclude parol evidence that the parties entered into the contract because of a mutual mistake of fact, since such evidence does not seek to contradict the writing or to enforce a parol agreement but only to show the existence of a mutual mistake of fact precluding a meeting of the minds and the formation of a contract.

APPEAL by plaintiff from *Hasty, Special Judge,* July 11, 1966 Civil Session of MECKLENBURG.

Plaintiff seeks to compel defendant to purchase property at 3004 Commonwealth Avenue, Charlotte, N. C., consisting of a lot "approx. 65 feet by 205 feet" and the brick building thereon, and to pay therefor as purchase price the sum of $21,600.00 upon the terms set forth in a written contract (Exhibit A) dated October 4, 1965, or, if defendant is unable to comply with her said contract, that plaintiff be awarded damages "for loss of profits."

Answering, defendant admitted the execution of said contract;

otherwise, she ·denied plaintiff's essential allegations. For a further defense, she alleged in substance: Prior to signing said contract, she advised plaintiff's agent her only reason for purchasing the property was "to use same for her retail business (dress shop) known as Callie's House of Maternity"; and that plaintiff's agent advised her the property was zoned "for business purposes" when in fact the use thereof for business purposes was not permitted by the zoning ordinance.

A stipulation filed in this Court shows the parties waived trial by jury and agreed that the cause, as to both facts and law, be tried by the court.

Plaintiff's evidence consists of the adverse examination of defendant, and of the testimony of plaintiff. Defendant's evidence consists of the testimony of Mrs. Sarah C. Cooper, who, as agent of plaintiff, conducted the negotiations . leading up to defendant's execution of said contract.

The court made findings of fact in substance, except where quoted, as follows: "(I)t was the intention of the plaintiff's agent to sell land to the defendant which was zoned for business." It was "the defendant's intention to only purchase land zoned for business." The subject land "was in fact not zoned for business." The contract was entered into by defendant as a result of the misrepresentation made by plaintiff's agent to the effect the property was zoned for business and defendant's acceptance and reliance upon such representation.

Upon said findings of fact, the court entered judgment providing that plaintiff recover nothing of defendant; that defendant is discharged from liability to plaintiff on account of matters alleged in the complaint; that the contract between plaintiff and defendant is rescinded; and that defendant recover of the plaintiff her costs.

The record shows the judgment is dated July 15, 1966, and was filed November 10, 1966. On November 18, 1966, plaintiff excepted thereto and notice of appeal therefrom was waived. Appeal entries signed and filed on November 21, 1966, set forth that plaintiff "objects to the findings of fact in the judgment entered in the cause on November 10, 1966, and . . . requests that said findings of fact be stricken on the grounds that they are not supported by the evidence," and objects "(t)o the signing and entry" of said judgment. .

*John E. McDonald, Jr., for plaintiff appellant.*
*Hedrick, McKnight & Parham for defendant appellee.*

Bobbitt, J.  The only question presented by plaintiff's exception to the judgment is whether error of law appears on the face of

MacKAY v. McIntosh.

the record proper. 1 Strong, N. C. Index, Appeal and Error § 21. Since the court's factual findings with reference to mutual mistake support the judgment, this exception is without merit.

Plaintiff's remaining exceptions consist of the objections set forth in the appeal entries to the effect that the findings of fact are not supported by the evidence. Upon waiver of jury trial, the court's findings of fact, if supported by competent evidence, have the force and effect of a verdict. *Insurance Co. v. Lambeth*, 250 N.C. 1, 108 S.E. 2d 36; *Priddy v. Lumber Co.*, 258 N.C. 653, 129 S.E. 2d 256.

"An exception that the evidence is insufficient to support the findings of the trial court, without exception to a particular finding, is . . . broadside and ineffectual." 1 Strong, N. C. Index, Appeal and Error § 22. While this deficiency in plaintiff's exceptions is sufficient ground for dismissal thereof, we have elected to consider whether the evidence is sufficient to support the court's factual findings.

At the trial before Judge Hasty, no objection to the admission of evidence was interposed by plaintiff. Indeed, the adverse examination of defendant, whose testimony as to Mrs. Cooper's representations and her reliance thereon strongly supports the court's factual findings, was offered in evidence by plaintiff.

The writing (Exhibit A) consists of an offer addressed by defendant to Florida Realty Company "as agent." A condition thereof is that "the owners" be able to convey a good and marketable title, and that the property be "free and clear of all encumbrances except: zoning, restrictive covenants, easements of record and utility rights of way, if any"; etc. The quoted excerpts are printed portions of a form used by Florida Realty Company. The signature of plaintiff appears below that of defendant and after the word "Accepted." Plaintiff's name does not appear in the body of the contract. Appended to said contract is a receipt issued October 7, 1965, signed in the name of Florida Realty Company by Sarah C. Cooper, acknowledging the payment by defendant of the sum of $100.00 as a deposit and part payment on the purchase price of the property. To the left and below Mrs. Cooper's signature on said receipt these words appear: "Bill C. McKeon, Co-operating broker."

Plaintiff testified the offer signed by defendant was brought to him by McKeon; that he read it and signed it; that the subject of zoning was not mentioned; that he did not know defendant and had no direct dealings with her; that both Mrs. Cooper and McKeon were employees of Florida Realty Company; and that he had signed an agreement to pay each of these real estate agents one thousand dollars as commission for the sale of the property.

There is evidence that McKeon drafted the contract (filled in

the blanks) and obtained defendant's signature thereto; that plaintiff knew the property was not zoned for business; that he thought the property was zoned O-6; that in fact it was zoned R-9MF (multiple family) and was being used for an office building in violation of the applicable zoning restriction; that the building was separated by a parking lot from property zoned for business and being used for business purposes by "a Burger King"; and that the fair market value of the subject property, if it were zoned for business, would be substantially more than its fair market value when zoned R-9MF. (Note: It is stated in the case on appeal that plaintiff later sold the subject property for $14,388.58.)

There was ample evidence to support Judge Hasty's factual findings that defendant's sole interest in the subject property was for use by her for a retail store and that defendant so advised Mrs. Cooper; that defendant was induced to sign the writing by Mrs. Cooper's representation that the property was in a zone where use thereof for a retail store was permitted; and that both Mrs. Cooper and defendant acted pursuant to their mistaken belief that this representation was true when in fact it was false.

Under "Assignments of Error," plaintiff contends (1) "there was nothing to indicate that the real estate agent had any authority beyond the normal restrictive powers of a real estate agent," and (2) "the written contract clearly showed that the zoning was not guaranteed by the seller and was not a condition of the contract." It is well established that "(a)ssignments of error unsupported by an exception duly taken and preserved will not be considered on appeal." *Hicks v. Russell*, 256 N.C. 34, 39, 123 S.E. 2d 214, 218, and cases cited; *King v. Snyder*, 269 N.C. 148, 151, 152 S.E. 2d 92, 94. Apart from this procedural deficiency, we find no merit in these contentions.

Plaintiff's testimony establishes clearly that he had appointed McKeon and Mrs. Cooper as his agents to sell the subject property, and that the negotiations with defendant were conducted on behalf of plaintiff by Mrs. Cooper. Nothing in the offer signed by defendant indicates any restriction upon Mrs. Cooper's authority as agent for the seller. Nor does plaintiff's testimony indicate that he attempted to place any restriction upon her authority to act for him.

All statements and declarations "made by the agent within the scope of his employment and with the actual or apparent authority of the principal are binding upon the principal and he is responsible therefor. A principal cannot repudiate statements made by his agent in the course of the employment, and fairly within the line of his real or apparent authority, and he is bound by the agent's material representations of fact to the same extent as if he had

made them himself." 3 Am. Jur. 2d, Agency § 264. As to the applicability of this rule to real estate agents, see Restatement (Second) of Agency § 258, comment b (1958). Whether unauthorized representations made by Mrs. Cooper could be enforced *against* plaintiff is not presented. In the present factual situation, it would be unconscionable to allow plaintiff to profit by defendant's reasonable reliance upon the unintentional false representations made by his agent in her negotiations in his behalf with defendant.

Plaintiff contends an oral agreement in conflict with the writing should be disregarded. This contention is based on a misconception of defendant's position.

"The parol evidence rule presupposes the existence of a legally effective written instrument. It does not in any way preclude a showing of facts which would render the writing inoperative or unenforceable. Thus it may be proved that . . . there was such mistake as to prevent the formation of a contract or make it subject to reformation or rescission." Stansbury, N. C. Evidence (Second Edition), § 257. "(P)arol evidence is admissible to show a mutual mistake as to the existence of the subject matter of an agreement which prevents the formation of a contract." 17 Am. Jur. 2d, Contracts § 144, p. 492.

Defendant does not seek to contradict the writing or to enforce a parol agreement. She contends that, since both Mrs. Cooper and defendant negotiated and acted in the honest but mistaken belief the subject property was in fact zoned for business, no contract, either written or oral, resulted; and that, there being no agreement, she is not obligated to purchase property which cannot be used for a retail store.

"The formation of a binding contract may be affected by a mistake. Thus, a contract may be avoided on the ground of mutual mistake of fact where the mistake is common to both parties and by reason of it each has done what neither intended. Furthermore, a defense may be asserted when there is a mutual mistake of the parties as to the subject matter, the price, or the terms, going to show the want of a consensus *ad idem*. Generally speaking, however, in order to affect the binding force of a contract, the mistake must be of an existing or past fact which is material; it must be as to a fact which enters into and forms the basis of the contract, or in other words it must be of the essence of the agreement, the *sine qua non*, or, as is sometimes said, the efficient cause of the agreement, and must be such that it animates and controls the conduct of the parties." 17 Am. Jur. 2d, Contracts § 143.

In our opinion, and we so hold, whether the subject property

was within the boundaries of an area zoned for business is a factual matter; and, under the evidence, the mutual mistake as to this fact related to the essence of the agreement.

We have considered *Josefowicz v. Porter*, 32 N.J. Super. 585, 108 A. 2d 865, a decision cited and relied upon by plaintiff. The decision is factually distinguishable, and no allegations or evidence as to misrepresentations or mutual mistake were involved.

The conclusion reached is that the evidence fully supports Judge Hasty's findings and judgment. For the reasons stated, the judgment of the court below is affirmed.

Affirmed.