WILLIAM SPRITZ *vs.* JOSEPH LISHNER & another, executors.[1]

Suffolk.    December 6, 1968. — January 6, 1969.

Present: WILKINS, C.J., CUTTER, KIRK, SPIEGEL, & REARDON, JJ.

*Release. Fraud. Evidence,* Extrinsic affecting writing. *Pleading, Civil,* Answer, Replication. *Practice, Civil,* Action transferred to District Court.

Upon an answer pleading a release of the plaintiff's claim in an action of contract, the plaintiff, without filing a replication, could show that the release had been obtained by fraud. [164–165]
Following a transfer of an action to a Municipal Court under G. L. c. 231, § 102C, a finding for the plaintiff in a certain amount in that court, and a retransfer of the action to the Superior Court, the finding in the Municipal Court constituted evidence at the trial in the Superior Court warranting a finding for the plaintiff in the same amount by a Superior Court judge, irrespective of other evidence introduced at the Superior Court trial. [165]

CONTRACT. Writ in the Municipal Court of the City of Boston dated June 15, 1964.

The action was heard in the Superior Court without jury by *Hennessey,* J., upon retransfer under G. L. c. 231, § 102C.

*Neil L. Chayet (Alan W. Heifetz* with him) for the defendants.

*Jerome D. Goodman* for the plaintiff.

---

[1] Joseph Lishner and Arlene Mosley, executors of the will of Barney B. Lishner (hereafter called Lishner), who died on July 31, 1963.

WILKINS, C.J.   This action of contract by writ dated June 15, 1964, and returnable to the Municipal Court of the City of Boston, was removed by the defendants to the Superior Court.   The declaration is in three counts, all for the same cause of action.   The case was transferred for trial to the Municipal Court under G. L. c. 231, § 102C. This resulted in a finding for the plaintiff in the amount of $2,000 on counts 1 and 2.   The case was then retransferred to the Superior Court, where it was tried before a judge sitting without jury.   He found for the defendants on counts 1 and 3, but found for the plaintiff on count 2 in the amount of $2,000 without interest.   There were no other findings.

The second count is on an account annexed, the first item being "Balance of commission due on sale of property at 20–28 Colborne Road, Brighton, Mass. on or about July 8, 1959 $2,000."   The defendants' answer set up a general release of Lishner by the plaintiff in consideration of $2,500 and recited that the release was "more especially on account of real estate commission due from the said Barney B. Lishner on the sale of the real estate numbered 20–24–28 Colborne Road, Brighton, Mass."

The plaintiff was a real estate broker for more than forty years.   In 1959 Lishner, as owner, listed the property at 20–28 Colborne Road with the plaintiff for sale.   Prior to March 23, 1959, the plaintiff and two other brokers, Segel and Poock, produced one Kahn as buyer.   On that date Lishner and Kahn entered into a purchase and sale agreement, which provided that a commission of $5,000 was to be paid by Lishner to the plaintiff and the other two brokers "if and when papers are actually passed."   Also on March 23 Lishner executed a second agreement to pay the plaintiff $2,000 as additional commission if and when papers should pass.   The sale to Kahn did not go through, and a $2,000 deposit made by Kahn was kept by Lishner as liquidated damages as provided in the agreement.   The plaintiff and the two cobrokers were entitled to no commission.

Poock then procured another purchaser, one Bernstein, and the plaintiff and Poock agreed with Lishner that their commission as cobrokers would be $5,000.  No new written agreement concerning the extra $2,000 commission was made.  On May 18, 1959, a formal purchase and sale agreement was executed, and on June 1, 1959, title passed.  On that date in the office of Lishner's lawyer, Poock and the plaintiff received their commission checks and executed broad releases of all claims against Lishner.  At that time Lishner said to the plaintiff, "I am not giving it [the $2,000] to you now but I will give it to you later."  "You'll get your two thousand dollars . . . ."  "My lawyer is here. . . . He'll testify for you.  He'll back it up.  You'll get your two thousand dollars that I owe you."  On later occasions Lishner repeated these statements.  After Lishner's death a claim was filed against his estate for the $2,000.

The defendants excepted to the denial of their fifth request, which asked a ruling that the evidence does not warrant a finding for the plaintiff on count 2.

The plaintiff is suing for a commission in the face of a writing expressly releasing it.  He, therefore, must avoid the effect of the parol evidence rule.  See *Sherman* v. *Koufman,* 349 Mass. 606, 610–611; *Schuster* v. *Baskin,* 354 Mass. 137, 140–141.  As was said in *Cohen* v. *Santoianni,* 330 Mass. 187, 193, "The general rule is that, in the absence of fraud, one who signs a written agreement is bound by its terms whether he reads and understands it or not or whether he can read or not."

We first consider the effect to be given to the finding of the trial judge in the Municipal Court.  Upon retransfer to the Superior Court the "decision of, and the amount of damages assessed, if any, by a district court shall be prima facie evidence upon such matters as are put in issue by the pleadings . . . ."  G. L. c. 231, § 102C (as amended through St. 1962, c. 305).

The principal dispute which was put in issue by the pleadings is the effect of the release, including whether the release was avoided by fraud.  Fraud could have been

made the subject of a replication, but such a pleading is not required by our practice. See G. L. (Ter. Ed.) c. 231, § 34. In *Lyon* v. *Manning*, 133. Mass. 439, 440, where there was an action on a promissory note and the answer set up a release under seal, it was held that the plaintiff could show that the release was obtained by fraud although no replication was filed. See *Pierce* v. *Loomis*, 224 Mass. 226, 227.

The Municipal Court finding of $2,000 was adequate to warrant a finding for the same amount in the Superior Court. The defendants' evidence did not require the Superior Court judge to make a finding contrary to that of the Municipal Court judge. This is the necessary consequence of the remand law so called. G. L. c. 231, § 102C. *Lubell* v. *First Natl. Stores, Inc.* 342 Mass. 161, 164. The exceptions to the denial of the fifth request and to the finding are overruled. There is no occasion to consider the defendants' remaining exceptions.

*Exceptions overruled.*