Lilian WILLENS, Plaintiff-Appellant,

v.

UNIVERSITY OF MASSACHUSETTS et al., Defendants-Appellees.

No. 77–1415.

United States Court of Appeals, First Circuit.

Feb. 22, 1978.

Daniel F. Featherston, Boston, Mass., for plaintiff-appellant.

William E. Searson, III, Gen. Counsel, Boston, Mass., with whom Lawrence T. Bench, Associate Counsel, Boston, Mass., was on brief, for defendants-appellees.

Before COFFIN, Chief Judge, CAMPBELL, Circuit Judge, BOWNES, Circuit Judge.

BOWNES, Circuit Judge.

Plaintiff Willens appeals from a summary judgment in favor of defendant on her denial of tenure claim. We are presented with three issues: (1) did the district court err in finding that plaintiff had no valid contract right to tenure; (2) did the court properly find that plaintiff had not been denied due process; and (3) did the court abuse its discretion in refusing to amend or alter the judgment?

If the court correctly determined that there was no genuine issue as to any material fact, and properly applied the appropriate legal standards, the judgment will be affirmed. *See Soar v. NFL Player's Assoc.,* 550 F.2d 1287 (1st Cir. 1977).

## THE CONTRACT CLAIM

█ Plaintiff alleged below that she had established a right to tenure at the University of Massachusetts under a theory of de facto tenure. There was, however, uncontroverted sworn testimony that the University had not adopted the de facto tenure system alleged by plaintiff. Having thus established that there was no genuine issue on this material fact, F.R.Civ.P. 56(c), the court entered summary judgment against plaintiff. We find no error. The district court, in finding no evidence to support plaintiff's allegation, also noted that the University's highly structured system of de jure tenure argued against a parallel system of de facto tenure. In the absence of any credible evidence to the contrary, we affirm. *See Perry v. Sindermann,* 408 U.S. 593, 602, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972).

█ The district court found that plaintiff forwarded only the de facto tenure system argument to support her contract claim to tenure. Plaintiff now raises be-

fore us for the first time a theory of estoppel *in pais.* While we need not consider this argument on appeal, *SEC v. Howatt,* 525 F.2d 226, 230 (1st Cir. 1975), we do observe that plaintiff has not cited any act or omission taken by the University upon which she could have *reasonably* relied. The sole basis for plaintiff's claim lies in the original May 1, 1967, letter of hire which indicated that she would receive two years' credit toward tenure and that her tenure decision year would be 1970–1971. This statement by the University, which was later corrected by the University prior to any time at which plaintiff's rights could have been prejudiced, is no basis for equitable estoppel. The record before us includes a copy of the Notification of Personnel Action for 1970–1971, which plaintiff signed on June 22, 1970, acknowledging her assent to the terms of the reappointment, which clearly states that her tenure decision year is 1972–1973. Subsequent forms similarly indicate this as the tenure decision year. In the absence of fraud, and none is alleged here, plaintiff is bound by the terms of that agreement. *See Spritz v. Lishner,* 355 Mass. 162, 164, 243 N.E.2d 163 (1969). While plaintiff may have been confused by the inconsistent information she had received from the University administration, she could not reasonably have interpreted such information as indicating that she had unofficially been awarded tenure. As has been noted, the University of Massachusetts does not have a de facto tenure policy and plaintiff did not receive any affirmative notice that she had been awarded tenure. Either by virtue of an implied waiver or estoppel, plaintiff is foreclosed from maintaining that she remained at her teaching post at the University unwittingly believing that her tenure decision year was 1970–1971. *See DeSisto's case,* 351 Mass. 348, 351–352, 220 N.E.2d 923, 925 (1966); *Uccello v. Gold'n Foods,* 325 Mass. 319, 328, 90 N.E.2d 530, 534–535 (1950); *Porter v. Harrington,* 262 Mass. 203, 207–208, 159 N.E. 530, 531–532 (1928).

*THE DUE PROCESS QUESTION*

The district court ruled that plaintiff, as a year-to-year employee, enjoyed no property right to continued employment and that she had been denied no liberty interest by the University's refusal of tenure.

█ To prevail on her property claim, plaintiff would have to demonstrate that under state law she had a claim of entitlement to tenure which matured by 1970–1971. *Bishop v. Wood,* 426 U.S. 341, 344, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976). The district court specifically found that, because there was no de facto tenure system at the University, plaintiff had no right to tenure under Massachusetts law. Lacking a claim of entitlement under state law or justifiable expectations based on institutional practice, plaintiff has no property interest sufficient to invoke the Fourteenth Amendment's guarantee to due process. *Perry v. Sindermann, supra,* 408 U.S. 593, 602–603, 92 S.Ct. 2694, 33 L.Ed.2d 570.

█ Plaintiff alleges that her liberty interest has been infringed by the very denial of tenure itself and because of the stigma of being implicitly labelled "unscholarly." *See Board of Regents v. Roth,* 408 U.S. 564, 573, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). The district court found that neither allegation was such a stigma that it would trigger due process rights. The court observed that the reasons given by the University in denying plaintiff tenure were uncontradicted by her and did not involve any charge of dishonesty or moral turpitude. *Id.* We agree with the court that the reasons given by the University, *viz.,* lack of scholarly publication during the eleven years since receiving her Masters degree [1] and the duplication of her specialization within the French Department are not of the genre to pin a "badge of infamy" upon plaintiff. *See Perkins v. Regents Uni-*

---

1. Plaintiff alleged that a scholarly work of hers had been accepted for publication. Although it is not clear whether the acceptance came before or after the University's statement denying

tenure, this point is not material. It remains uncontroverted that at the time in question, plaintiff had not published any scholarly work.

**406**

versity of California, 353 F.Supp. 618, 622 (C.D.Cal.1973). The Ninth Circuit has held that a label of inadequate performance on the part of an employee generally does not constitute an infringement of one's liberty interest, see Stretten v. Wadsworth Veterans Hospital, 537 F.2d 361, 365–366 (9th Cir. 1976). We need not adopt such a comprehensive rule to conclude that plaintiff's liberty interest has not been impaired in this case. Due process does not protect an individual from essentially neutral evaluations that do not cast aspersions on her ability to perform her duties competently. Moreover, in this case, the University in no way publicized its decision. *Bishop v. Wood, supra,* 426 U.S. at 348, 96 S.Ct. 2074.

The reasons given by the University for denying plaintiff tenure were uncontroverted. There being no genuine controversy as to the facts, we agree with the district court that the reasons were not arbitrary or capricious. We, therefore, need not and do not reach the question of whether a claim to substantive due process can stand in the absence of a finding of a constitutionally protected property or liberty interest.

*THE COURT'S REFUSAL TO ALTER OR AMEND THE JUDGMENT*

█ The Federal Rules of Civil Procedure, F.R.Civ.P. 59, 60, clearly make it discretionary with the trial judge whether or not to alter or amend the judgment. *Pagan v. American Airlines, Inc.,* 534 F.2d 990, 993 (1st Cir. 1976). We cannot say that the court abused its discretion in refusing to grant plaintiff's motion, particularly in light of her failure to allege any of the traditionally recognized grounds for such a motion. *See* F.R.Civ.P. 60(b). The material which plaintiff claims was erroneously excluded by the court after entry of summary judgment had been deliberately withheld by plaintiff during the original motion for summary judgment. Plaintiff will be held to her tactical judgment. *In re United States,* 565 F.2d 173 at 177 (1st Cir. 1977).

For the above stated reasons, the judgment will be *affirmed.*