LANCE R. CUNNINGHAM AND WIFE, PAMELA H. CUNNINGHAM v. LOUISE JOHNSON BROWN

No. 801SC475

(Filed 7 April 1981)

1. Appeal and Error § 6– order adjudicating fewer than all claims – appealability

In an action by husband and wife to recover for damages sustained in an automobile accident with defendant, the trial court's order dismissing the wife's claim, though it adjudicated the rights and liabilities of fewer than all of the parties, was immediately appealable under G.S. 1-277 and G.S. 7A-27, because the order disposed of all claims asserted by the wife, denied her a jury trial on her claim against defendant, and therefore affected a substantial right.

2. Torts § 7.2– automobile accident – avoidance of release – evidence of fraud or mutual mistake

In an action to recover damages for injuries sustained by plaintiff wife in an automobile accident, trial court erred in dismissing plaintiff wife's claim on the basis of a release given to plaintiff husband's insurer in exchange for $4,975.00, and the trial court erred in excluding "on the grounds of the parol evidence rule" an affidavit by which plaintiff wife attempted to show that the release, which purported to release "[plaintiff husband] and any other person, firm or corporation charged or chargeable with responsibility or liability" arising out of the accident, was procured by fraud or executed pursuant to a mutual mistake of fact, because the affidavit alleged the time the purported fraud was committed, 10 August 1978, when plaintiff wife expected to re-enter the hospital for medical procedures necessitated by the accident; it alleged the place, plaintiff wife's home in Massachusetts; it alleged the content of the alleged fraudulent representation, that her dealings with plaintiff husband's insurer would not affect any suit by plaintiff wife against the other party involved in the accident; and it alleged what was obtained as a result, plaintiff wife's signature on a document which purported to release any person or firm charged or chargeable with liability arising out of the accident. Furthermore, the facts alleged in plaintiff wife's affidavit would permit a finding that she and an insurance adjuster agreed and intended to release only plaintiff husband; the document signed contained language contrary to this mutual agreement and intention in that by

its terms it released other joint tortfeasors as well as plaintiff husband; it therefore failed to achieve the result which could be found to have been agreed to and intended by both parties; and it thus raised a genuine issue of fact as to whether the release was executed under circumstances amounting to mutual mistake.

APPEAL by plaintiff Pamela H. Cunningham from *Brown, Judge.* Order entered 19 March 1980 in Superior Court, DARE County. Heard in the Court of Appeals 11 November 1980.

Plaintiffs filed a complaint against defendant alleging the following: Plaintiffs resided in Massachusetts and defendant resided in North Carolina. On 9 September 1977 plaintiff Lance R. Cunningham (hereinafter "plaintiff-husband") was driving a motorcycle on which plaintiff Pamela H. Cunningham (hereinafter "plaintiff-wife") was a passenger. The plaintiffs were traveling north on U.S. Highway 158 in Currituck County, North Carolina. Defendant was also traveling north on Highway 158 ahead of plaintiffs, separated from them by a tractor-trailer. As plaintiff-husband passed the tractor-trailer defendant turned from her right lane of travel into her left lane of travel and into the path of plaintiffs' motorcycle, resulting in a collision. Plaintiffs sought recovery for numerous bodily injuries, loss of wages, and impairment of earning capacity.

Defendant submitted a request for admissions and interrogatories in which she asked plaintiffs to admit that Allstate Insurance Company, insurer for plaintiff-husband, had paid plaintiff-wife $4,975.00; and that plaintiff-wife, in consideration of the $4,975.00, had signed a release which defendant attached to the request for admissions. Plaintiffs failed to answer the request for admissions and interrogatories.

Defendant subsequently filed an answer and counterclaim denying her own negligence and asserting the negligence of both plaintiffs. She also moved for summary judgment seeking dismissal of plaintiff-wife's claim, relying upon the pleadings and request for admissions, the matters in the request for admissions being deemed admitted by plaintiff-wife's failure to answer. G.S. 1A-1, Rule 36. Plaintiff-wife submitted an affidavit in opposition to defendant's motion. She admitted signing a document when she received the check for $4,975.00, but stated that she did not recall the full contents of the document. She stated that she did not receive a copy of the document, and that

at the time she thought she was signing a receipt for the check. She further asserted: "The adjuster did come, with a check and a document for my signature. He asked me whether I was suing the other party involved in the accident and I replied that this was none of his business. To this he responded that our dealings 'would not affect that anyway'."

The trial court excluded plaintiff-wife's affidavit on ground of the parol evidence rule, granted defendant's motion and dismissed plaintiff-wife's claim. Plaintiff-wife appealed.

*Twiford, Trimpi, Thompson and Derrick, by C. Everett Thompson, for plaintiff-appellant.*

*Leroy, Wells, Shaw, Hornthal, Riley and Shearin, by L.P. Hornthal, Jr., for defendant-appellee.*

WHICHARD, Judge.

[1] We note initially that the court's order adjudicates fewer than all of the claims and adjudicates the rights and liabilities of fewer than all of the parties. Although defendant does not raise the issue of appealability, the appellate court should dismiss the appeal on its own motion if plaintiff-wife has no right to appeal. *Waters v. Personnel, Inc.,* 294 N.C. 200, 240 S.E. 2d 388 (1978). An order which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is reviewable only under two sets of circumstances. First, Rule 54(b) specifically provides that if the judge entering the order determines that there is "no just reason for delay" and includes a statement to that effect in the judgment, the judgment will be final and immediately appealable. G.S. 1A-1, Rule 54(b). Second, if the interlocutory order "affects a substantial right" of the party appealing or "in effect determines the action and prevents a judgment from which an appeal might be taken" the party has a right to appeal under G.S. 1-277 or G.S. 7A-27. *See Investments v. Housing, Inc.,* 292 N.C. 93, 232 S.E. 2d 667 (1977); *Newton v. Insurance Co.,* 291 N.C. 105, 229 S.E. 2d 297 (1976); *Oestreicher v. Stores,* 290 N.C. 118, 225 S.E. 2d 797 (1976); *Leasing Corp. v. Myers,* 46 N.C. App. 162, 265 S.E. 2d 240 (1980) (contains a discussion of the North Carolina cases on appealability as affected by Rule 54(b) and a diagram for determining where a case fits within the appealability framework).

The order appealed from in the case *sub judice* does not

Cunningham v. Brown

state that the judge found no just cause for delay. Consequently, the order is not an immediately appealable "final judgment" under Rule 54(b); and we must determine whether it is appealable under G.S. 1-277 or G.S. 7A-27. G.S. 1-277 provides, in pertinent part:

> (a) An appeal may be taken from every judicial order or determination of a judge of a superior or district court, upon or involving a matter of law or legal inference, whether made in or out of session, which affects a substantial right claimed in any action or proceeding; or which in effect determines the action, and prevents a judgment from which an appeal might be taken; or discontinues the action, or grants or refuses a new trial.

G.S. 1-277(a) (Supp. 1979). Although the order here did not dispose of the entire lawsuit, it did dispose of all claims asserted by plaintiff-wife. Had plaintiff-wife not joined her claims against defendant with those of plaintiff-husband, the order granting summary judgment against her would have been a final judgment in the case. Because plaintiffs did join their claims, the order was interlocutory in the sense that it did not dispose of the cause as to all parties. *See Veazey v. Durham*, 231 N.C. 357, 361-362, 57 S.E. 2d 377, 381 (1950).[1] The order, however, denied plaintiff-wife a jury trial on her claim against defendant and, therefore, affected a substantial right. *See Nasco Equipment Co. v. Mason*, 291 N.C. 145, 229 S.E. 2d 278 (1976). *See also Industries, Inc., v. Insurance Co.*, 296 N.C. 486, 493, 251 S.E. 2d 443, 448 (1979) (where the court discussed its holding in *Nasco*). It "in effect determines the action" as to her claim against defendant. We hold, therefore, that the summary judgment dismissing plaintiff-wife's claim is immediately appealable under G.S. 1-277 and G.S. 7A-27.

---

[1] Judgments and orders of the Superior Court are divisible into these two classes: (1) Final judgments; and (2) interlocutory orders. G.S. 1-208 [now repealed, but replaced in substance by G.S. 1A-1, Rule 54]. A final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court. [Citations omitted.] An interloculatory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy. [Citation omitted.]

*Veazey v. Durham*, 231 N.C. 357, 361-362, 57 S.E. 2d 377, 381 (1950) (opinion by Justice Ervin).

The court based its ruling here on the release of plaintiff-husband, a Massachusetts resident, executed in the State of Massachusetts by plaintiff-wife, a Massachusetts resident, and delivered in that state to her husband's insurer. The parties have not raised the conflict of laws questions presented by this state of facts. Under G.S. 8-4 and *Arnold v. Charles Enterprises,* 264 N.C. 92, 141 S.E. 2d 14 (1965), however, we are required to take judicial notice of foreign law, even in the absence of reference thereto by the parties, when foreign law governs the action.

Generally, North Carolina adheres to the *lex loci contracti* rule, which holds that the law of the state in which a contract was formed governs matters of execution, validity, and interpretation. *Fast v. Gulley,* 271 N.C. 208, 155 S.E. 2d 507 (1967); *Davis v. Davis,* 269 N.C. 120, 152 S.E. 2d 306 (1967). With regard to the validity of a release interposed as a defense to a tort claim, however, some jurisdictions follow the rule in Restatement (Second), Conflict of Laws § 170 (1971) which is that the law of the place of injury controls. *See e.g., Bittner v. Little,* 270 F. 2d 286, 288 (3d Cir. 1959); *Kussler v. Burlington Northern, Incorporated,* 606 P. 2d 520 (Mont. 1980). The Restatement rule has been criticized both as not founded on sound legal principle or decision and as producing the absurd result of "deny[ing] effect to the parties' . . . intention by applying the law of the — clearly fortuitous — place of accident." Ehrenzweig, *Releases of Concurrent Tortfeasors in the Conflict of Laws: Law and Reason Versus the Restatement,* 47 U.Va.L.Rev. 712, 713 (1960). (criticizes original Restatement, but rule is the same).

Our research indicates that the law of Massachusetts, *lex loci contracti,* and that of North Carolina, *lex loci delicti,* do not differ with respect to the substantive questions involved here. [2] "There would be no profit, then, for us to exercise ourselves here to determine which law is to be applied, for to do so would take us into a 'highly complex and confused part of

---

[2]*Compare Spritz v. Lishner,* 355 Mass. 162, 243 N.E. 2d 163 (1969) *and Canney v. New England Tel. & Tel. Co.,* 353 Mass. 158, 228 N.E. 2d 723 (1967) *with Craig v. Kessing,* 297 N.C. 32, 253 S.E. 2d 264 (1979) *and MacKay v. McIntosh,* 270 N.C. 69, 153 S.E. 2d 800 (1967) *and Fox v. Southern Appliances,* 264 N.C. 267, 141 S.E. 2d 522 (1965) regarding parol evidence.

*Compare King v. Motor Mart Garage Co.,* 336 Mass. 442, 146 N.E. 2d 365 (1957) *and Century Plastic Corp. v. Tupper Corp.,* 333 Mass. 531, 131 N.E. 2d 740 (1956) *with Ward v. Heath,* 222 N.C. 470, 24 S.E. 2d 5 (1943) *and Cheek v. R.R.,* 214 N.C. 152, 198 S.E. 626 (1938) regarding reformation of contracts.

conflict of laws.'" *Arnold*, 264 N.C. at 97, 141 S.E. 2d at 17. We conclude that the questions presented by this appeal can properly be determined by reference to the law of North Carolina.

[2] We turn, then, to the questions presented. The trial court granted summary judgment for defendant, dismissing plaintiff-wife's claim, on the basis of a release given to plaintiff-husband's insurer in exchange for the sum of $4,975, which release defendant pled in bar of plaintiff-wife's claim. Plaintiff-wife, by her failure to answer defendant's request for admissions regarding the release, is deemed to have admitted its execution for the consideration alleged as well as its content. G.S. 1A-1, Rule 36. The instrument provided that plaintiff-wife

> release[d] and forever discharge[d] LANCE CUNNING-HAM [plaintiff-husband] *and any other person, firm or corporation charged or chargeable with responsibility or liability* ... from any and all claims ... particularly on account of all personal injury, disability ... loss or damages of any kind already sustained or that [she] may hereafter sustain in consequence of [the accident]. (Emphasis supplied.)

Nothing else appearing this instrument constituted a bar to plaintiff-wife's claim, because "[a] release executed by the injured party and based on a valuable consideration is a complete defense to an action for damages for the injuries." *Caudill v. Manufacturing Co.*, 258 N.C. 99, 102, 128 S.E. 2d 128, 130 (1962), *quoting from, Ward v. Heath*, 222 N.C. 470, 24 S.E. 2d 5 (1943). Not only did the instrument release plaintiff-husband; but because of the language "and any other person, firm or corporation charged or chargeable with responsibility or liability," nothing else appearing, it also released all "other entities involved in the occurrence which produced the settlement with one participant that led to the release," including defendant. *Battle v. Clanton*, 27 N.C. App. 616, 619, 220 S.E. 2d 97, 99 (1975), *review denied*, 289 N.C. 613, 223 S.E. 2d 391 (1976). It thus became "necessary for the plaintiff (releasor) to prove ... matter in avoidance" of the release. *Caudill*, 258 N.C. at 102, 128 S.E. 2d at 130.

A release, like any other contract, is subject to avoidance by a showing that its execution resulted from fraud or mutual mistake of fact. *See Ward v. Heath*, 222 N.C. 470, 24 S.E. 2d 5 (1943) (fraud); *Cheek v. R.R.*, 214 N.C. 152, 198 S.E. 626 (1938)

(mutual mistake); 1 Williston, Contracts § 15 at 28 (3d ed. 1957). This rule of contract law is founded on the proposition that there can be no contract without a meeting of the minds; and that when a contract is executed under circumstances amounting to fraud or mutual mistake, the requisite meeting of the minds does not occur. Thus, plaintiff-wife here could avoid the effect of the release pleaded by defendant in bar of her claim by showing that the release was procured under circumstances amounting to fraud or mutual mistake.

This she sought to do by the introduction of the affidavit which the trial court excluded. The trial court specifically stated in its order allowing defendant's motion for summary judgment that the objection to introduction of the affidavit was made "on the grounds of the parol evidence rule." This rule, which is a rule of substantive law, provides that a written contract cannot be contradicted by evidence of prior or contemporaneous negotiations or conversations. *Craig v. Kessing*, 297 N.C. 32, 34, 253 S.E. 2d 264, 265 (1979). It in effect establishes a presumption that the writing accurately reflects the matters on which the minds of the parties ultimately met.

The parol evidence rule does not, however, preclude admission of extrinsic evidence when one of the parties seeks to prove that a written agreement was executed under circumstances amounting to fraud or mutual mistake. *MacKay v. McIntosh*, 270 N.C. 69, 153 S.E. 2d 800 (1967) (mutual mistake); *Fox v. Southern Appliances*, 264 N.C. 267, 141 S.E. 2d 522 (1965) (fraud). In these circumstances the offering party does not seek to contradict a written agreement, but seeks to show the existence of facts which prevented a meeting of the minds and the consequent formation of a contract. *MacKay*, 270 N.C. at 73, 153 S.E. 2d at 804. The question presented, then, by plaintiff-wife's assignment of error to the exclusion of her affidavit on the ground of the parol evidence rule, is whether the facts contained in the affidavit sufficiently raised issues of fraud or mutual mistake in the execution of the release. If so, pursuant to the rule permitting extrinsic evidence to demonstrate the existence of fraud or mistake, the affidavit should have been admitted for the purpose of showing matter in avoidance of defendant's plea of the release as a bar to plaintiff-wife's claim. We thus consider the factual allegations contained in the affidavit to determine their sufficiency for this purpose.

The allegations were as follows: Following the September 1977 accident and a period of hospitalization in Elizabeth City, North Carolina, plaintiff-wife returned to her home in Massachusetts. In October 1977 an adjuster from Allstate Insurance Company notified her that $5,000.00 was available from her husband's motorcycle insurance policy to pay her medical expenses and lost wages. The adjuster visited her and took a statement on 2 November 1977. Plaintiff-wife submitted several small bills to Allstate, one of which it paid. She was to have a rod in her femur removed in August 1978, and as that date approached she became worried about paying the expected medical expenses. She contacted Allstate regarding the $5,000.00 fund, and a second adjuster visited her in her home on 10 August 1978. The adjuster had with him a check and a document for her signature. He asked whether plaintiff-wife intended to sue the other party to the accident. When she answered that it was none of his business, the adjuster stated that the dealings between plaintiff-wife and Allstate "would not affect that anyway." Plaintiff-wife signed the document, the full content of which she did not recall except that it contained her husband's name. She did not receive a copy of the document she signed. She "regarded the signing of the document as a receipt for the funds payable to [her] for medical bills and lost wages," and she "certainly had no intention, in signing it, to release the defendant in this action."

In considering whether these allegations sufficiently presented an issue as to whether the affidavit was executed as a result of fraud or mutual mistake, although the affidavit is not a "pleading" in the technical sense, we nevertheless find instructional our Supreme Court's interpretation of the pleading particularity requirement of North Carolina Rules of Civil Procedure, Rule 9(b). This rule requires that "[i]n all averments of fraud ... or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." G.S. 1A-1, Rule 9(b). The Supreme Court recently observed, however, that the requirement of particularity in Rule 9(b) "must be reconciled with our Rule 8 which requires a short and concise statement of claims" and with the general "notice pleading" theory of the Rules of Civil Procedure. *Terry v. Terry*, 302 N.C. 77, 84, 273 S.E. 2d 674, 678 (1981). The Court also stated that "in pleading actual fraud the particularity requirement [of Rule 9(b)] is

met by alleging time, place and content of the fraudulent represen-
tation and what was obtained as a result of the fraudulent acts
or representations." *Terry*, 302 N.C. at 85, 273 S.E. 2d at 678.

Considering the affidavit offered here in light of this inter-
pretation of the particularity requirements of Rule 9(b), we find
that it alleges the *time* the alleged fraud was committed — 10
August 1978, when plaintiff-wife expected to re-enter the hos-
pital for medical procedures necessitated by the 9 September
1977 accident. It alleges the *place* — her home in Mas-
sachusetts. It alleges the *content* of the alleged fraudulent rep-
resentation — that her dealings with Allstate would not affect
any suit by plaintiff-wife against the other party involved in the
accident. Finally, it alleges *what was obtained as a result* —
plaintiff-wife's signature on a document which purported to
release "[plaintiff-husband] and any other person, firm or cor-
poration charged or chargeable with responsibility or liability"
arising out of the 9 September 1977 accident. We thus find that,
as to the question of fraud, the contents of the affidavit satisfy
the requirements of Rule 9(b) as intrepreted by our Supreme
Court in *Terry*. We hold that the contents of the affidavit also
sufficiently raised an issue of fraud in the execution of the
release and that the affidavit should have been admitted pur-
suant to the rule which permits introduction of extrinsic evi-
dence tending to show that execution of a written agreement
was procured by fraud.

We noted above that, just as a release is subject to avoid-
ance by a showing that its execution resulted from fraud, it is
likewise subject to avoidance by a showing that its execution
resulted from mutual mistake of fact. *See Cheek v. R.R.*, 214 N.C.
152, 198 S.E. 626 (1938). Thus, although in her brief plaintiff-
wife seeks to avoid operation of the release on the theory of
fraud alone, such avoidance also can be attained if the facts
presented in the affidavit raise an issue as to whether the
release was executed pursuant to a mutual mistake of fact.

The Tennessee Court of Appeals, in a case factually similar
to the case at bar, has considered the effect of mutual mistake
by parties to a release on the liability of unnamed joint tort-
feasors who did not provide consideration for the release. *Evans
v. Tillett Brothers Construction Company*, 545 S.W. 2d 8 (Tenn.
App.), *cert. denied*, (Tenn. 1976). In *Evans* the plaintiff sued a

construction company and a bridge company for negligent construction of a highway which allegedly caused the death of his minor daughter. The defendants filed a third-party complaint against the driver of the car in which plaintiff's decedent was a passenger at the time of her death. The driver pleaded a release executed by plaintiff and delivered to him as a bar to the third-party claim, and the court dismissed the claim against him. Thereafter defendants moved for summary judgment and pleaded the release as a bar to plaintiff's claim against them. The document stated that it released the driver, and "all other persons, firms or corporation[s]." *Evans*, 545 S.W. 2d at 10. The court reversed entry of summary judgment for the defendant, stating:

> We believe that the affidavits submitted in support of the motion created a material issue of fact with regard to the intention of the parties in releasing an unnamed tortfeasor, and while it may be determined from the trial of this issue that the weight of the evidence compels the conclusion that the language of the release instrument must prevail or that it is consistent with the intention of the parties, the existence of this genuine issue of fact precludes a determination of the matter upon the record in support of the motion.
>
> . . . .
>
> Therefore, we hold that a genuine issue of fact exists regarding the scope of the release in question and that the Court was in error in sustaining the motion for summary judgment and dismissing the action.

*Evans*, 545 S.W. 2d at 12.

We find the rationale of the Tennessee Court of Appeals in *Evans* persuasive in considering the facts presented here. The facts alleged in plaintiff-wife's affidavit would permit a finding that she and the adjuster agreed and intended to release only plaintiff-husband. The document signed contained language contrary to this mutual agreement and intention in that by its terms it released other joint tortfeasors as well as plaintiff-husband. It therefore failed to achieve the result which could be found to have been agreed to and intended by both parties. The failure to accomplish the result intended by both parties is not "[a] bare mistake of law [which] generally affords no grounds

for reformation," but is "a mistake of fact which will afford reformation." *Durham v. Creech*, 32 N.C. App. 55, 60, 231 S.E. 2d 163, 167 (1977). Thus the failure to accomplish the result intended by both parties here could be found to constitute a mutual mistake of fact which would permit reformation of the document.[3]

We conclude that the affidavit offered by plaintiff-wife in avoidance of defendant's motion for summary judgment was admissible pursuant to the above cited authorities which permit the introduction of parol evidence tending to show that execution of a written agreement was procured under circumstances amounting to fraud or mutual mistake. The trial court therefore erred in sustaining defendant's objection lodged on the basis of the parol evidence rule.

Because exclusion of the affidavit was error, it follows that the granting of defendant's motion for summary judgment was also error. It is elementary that summary judgment is proper only when the pleadings and affidavits demonstrate that no genuine issue as to any material fact exists and that the moving party is entitled to judgment as a matter of law. G.S. 1A-1, Rule 56(c); *Kessing v. Mortgage Corp.*, 278 N.C. 523, 180 S.E. 2d 823 (1971); *Cone v. Cone*, 50 N.C. App. 343, 274 S.E. 2d 341 (1981). Plaintiff-wife's affidavit, which we hold here should have been allowed into evidence, raised genuine issues of fact as to whether the release in question was executed under circumstances amounting to fraud or mutual mistake. *See Durham v. Creech*, 32 N.C. App. 55, 231 S.E. 2d 163 (1977) and *Evans v. Tillett Brothers Construction Company*, 545 S.W. 2d 8 (Tenn. App.), *cert. denied*, (Tenn. 1976) discussed hereinabove. Because these genuine issues of fact were raised, entry of summary judgment dismissing plaintiff-wife's claim was error.

The trial court's order granting defendant's motion for summary judgment and dismissing plaintiff-wife's claim is re-

---

[3]*Cf. Wyatt v. Imes*, 36 N.C. App. 380, 244 S.E. 2d 207, *review denied*, 295 N.C. 557, 248 S.E. 2d 735 (1978) *and Beeson v. Moore*, 31 N.C. App. 507, 229 S.E. 2d 703 (1976), *review denied*, 291 N.C. 710, 232 S.E. 2d 203 (1977) (wherein this court recognized that releases may be avoided for mutual mistake but found that the plaintiffs had not offered any forecast of evidence tending to establish mutual mistake).

versed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.

Reversed and remanded.

Judges HEDRICK and CLARK concur.