BETTE J. BUTT AND KENNETH BUTT, PLAINTIFFS v. GOFORTH PROPERTIES, INC., SECURITY BUILDING COMPANY, INC., CHAPEL HILL GRADING COMPANY, INC., AND CHAPEL HILL ELECTRIC COMPANY, INC., DEFENDANTS

No. 8814SC1164

(Filed 19 September 1989)

1. **Appeal and Error § 6.2— fewer than all claims adjudicated— substantial right affected—order appealable**

   The trial court's order which dismissed only the claims for punitive damages did not adjudicate all of plaintiff's claims for relief contained in the complaint, but it was nevertheless appealable since it affected plaintiffs' substantial right to have all of their claims for relief tried at the same time before the same judge and jury.

2. **Damages § 17.7— negligence in unhitching trailer—no willful or wanton conduct—summary judgment for defendants on punitive damages claim**

   The trial court properly entered summary judgment for defendants on plaintiffs' punitive damages claim where plaintiffs alleged that defendants failed adequately to secure a trailer before unhitching it from a truck, and it rolled down two hills and across a road before crashing into plaintiffs' house; the evidence was sufficient to show that defendants may have been negligent, but it did not show willful or wanton conduct on the part of defendants.

APPEAL by plaintiffs from *Hight (Henry W., Jr.), Judge.* Revised Order entered 12 August 1988 in Superior Court, DURHAM County. Heard in the Court of Appeals 10 May 1989.

BUTT v. GOFORTH PROPERTIES, INC.

[95 N.C. App. 615 (1989)]

*Beskind and Rudolf, P.A., by Andrea A. Curcio, Heidi G. Chapman and Donald H. Beskind; and William Reppy, of counsel, for plaintiff-appellants.*

*Manning, Fulton & Skinner, by Robert S. Shields, Jr.; and Patterson, Dilthey, Clay, Cranfill, Sumner & Hartzog, by Dan M. Hartzog and Lee Poole, for defendant-appellees.*

ORR, Judge.

The uncontroverted facts are that on 4 February 1987, plaintiffs filed a claim against defendants Goforth Properties, Inc. and Security Building Company, Inc. They alleged that plaintiff, Bette Butt, sustained physical and emotional injuries arising out of defendants' negligent attempt to attach a heavy equipment trailer to a truck. Plaintiffs' amended complaint alleged that defendant failed to adequately secure the trailer before unhitching it from the truck. Consequently, when the trailer was freed it rolled down a hill, across a road and down a second hill where it crashed into plaintiff's bedroom, damaging her house and injuring her. The complaint, which sought recovery under theories of negligence, negligent infliction of emotional distress and loss of consortium, also sought punitive damages on the basis of defendants' alleged willful and wanton misconduct.

After plaintiffs amended their complaint to add as defendants Chapel Hill Grading Company, Inc. and Chapel Hill Electric Company, Inc., all defendants filed partial summary judgment motions to dismiss plaintiffs' claim for punitive damages. Plaintiffs thereafter filed affidavits in opposition to defendants' motions. On 12 August 1988, the court granted defendants' motions and dismissed plaintiffs' punitive damages claim only. From that order plaintiffs now appeal.

I.

[1] The court's order, which only dismissed the claims for punitive damages, did not adjudicate all of plaintiffs' claims for relief contained in the complaint. Our inquiry, then, must first focus on whether plaintiffs' appeal should be dismissed as interlocutory.

An interlocutory order "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . ." *Cunningham v. Brown*, 51 N.C. App. 264, 266, 276 S.E.2d 718, 721 (1981), *disc. rev. denied*, 308 N.C. 675, 304 S.E.2d 754 (1983). When

an order is interlocutory, it can be appealed when, and only when, the judge who enters the order states that there is "no just reason for delay" pursuant to G.S. 1A-1, Rule 54(b), or when the court's order affects a substantial right of the appellant. *See Cunningham,* 51 N.C. App. at 266, 276 S.E.2d at 721.

In the case at bar, the court entered a revised order in which it stated, *inter alia,* that "There is no genuine issue as to any material fact on the punitive damages claim; that there is no just reason for delay; that the defendants are entitled to a partial summary judgment as a matter of law . . . this partial summary judgment is a final judgment[.]" Consequently, the trial court certified this case for appellate review. Furthermore, we find that according to *Byrne v. Bordeaux,* 85 N.C. App. 262, 354 S.E.2d 277 (1987), and *Oestreicher v. Stores,* 290 N.C. 118, 225 S.E.2d 797 (1976), this appeal involves plaintiffs' "substantial right to have all of [their] claims for relief tried at the same time before the same judge and jury . . . ." *Byrne* at 264, 354 S.E.2d at 279. Therefore, this appeal is properly before us as it meets the requirements of *Cunningham.*

## II.

[2] Our next issue involves the question of whether the court erred in granting defendants' motions for summary judgment. The rule regarding motions for summary judgment states that:

> [t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.

G.S. 1A-1, Rule 56(c) (1983). In a summary judgment hearing, all facts must be viewed in the light most favorable to the nonmoving party. *Loy v. Lorm Corp.,* 52 N.C. App. 428, 278 S.E.2d 897 (1981). Furthermore, the court must consider evidence beyond the mere pleadings. *Id.* "The determination of what constitutes a 'genuine issue as to any material fact' is often difficult." *Kessing v. Mortgage Corp.,* 278 N.C. 523, 534, 180 S.E.2d 823, 830 (1971).

Plaintiffs' amended complaint claims that defendants' conduct of (1) using a broken hydraulic jack on their trailer after it had been broken for some time, and (2) their failure to properly immobilize the trailer before "safely" unhitching it from the truck

constitute a willful, wanton disregard for the rights of plaintiffs. Also, plaintiffs introduced two affidavits in opposition to defendants' motions. One affidavit was from a licensed general contractor who had been in the construction industry for twenty-four years. That affiant stated that he was very familiar with construction standards and safety measures, and that "several things occurred in this incident that were entirely contrary to established construction practices and all safety regulations outlined and prescribed by the Association of General Contractors . . . ." It was his opinion that no heavy equipment trailer should be unhitched from a truck without proper wheel chocks behind both rear tires. He stated that "the workers involved violated established construction standards . . . ."

The second affidavit submitted by plaintiffs was from a certified engineer. This affiant received his B.S. in engineering in 1959. Based upon his review of certain depositions given by defendants' employees, and an examination of certain photographs from this incident, he concluded that "this trailer crash resulted from the extremely poor judgment of the two men in charge of the equipment. . . . [T]his incident resulted from poor safety training and supervision by the companies employing these men." The affiant stated that this improper side-hill hitch separation while using improper equipment was "unconscionable."

Plaintiffs claim that these materials created a question of fact as to whether defendants' conduct constituted a willful, wanton, or reckless disregard for their rights and safety. Defendants contend that plaintiffs' evidence demonstrated as a matter of law that their conduct was not willful or wanton because plaintiffs presented no evidence that defendants intended to injure them.

> The established law in North Carolina regarding the recovery of punitive damages in tort actions is that 'the tortious conduct must be accompanied by or partake of some element of aggravation before punitive damages will be allowed' . . . . When the underlying action is grounded in negligence, punitive damages may be recovered where the negligence is gross or wanton. 'Conduct is wanton when in conscious and intentional disregard of or indifference to the rights and safety of others.'

*Paris v. Kreitz*, 75 N.C. App. 365, 373-74, 331 S.E.2d 234, 241, *disc. rev. denied*, 315 N.C. 185, 337 S.E.2d 858 (1985). (Citations omitted.) Punitive damage awards are intended to punish a defend-

BUTT v. GOFORTH PROPERTIES, INC.

[95 N.C. App. 615 (1989)]

ant for his wrongful acts and to deter others from committing the same acts. *Id.* Consequently, the trial court must review the facts before it to determine whether there is any evidence to be submitted to the jury on the issue of punitive damages, and if so, whether the award which the jury makes is an excessive one. *Binder v. Acceptance Corp.*, 222 N.C. 512, 23 S.E.2d 894 (1943).

In the case at bar, plaintiffs submitted affidavits which stated that defendants' employees were extremely careless and that they exercised poor judgment. One affiant suggested that the defendants' employees deviated from customary practices in the industry and that an alternative was available—the workers could have moved the truck to level ground before unhitching it. On the other hand, defendants' employees testified at their deposition hearings that the truck's jack had only been broken for approximately one week, and that a new part had been ordered for the truck immediately after it was discovered that the truck was in disrepair. Another employee stated that a cylinder block had been placed behind a wheel of the truck and that the incline was not a very steep one.

The trial judge concluded that this evidence was insufficient to raise a jury question concerning punitive damages. We agree. This evidence, which neither party disputes, demonstrates that defendants may have been negligent. However, these facts do not rise to the level of willful or wanton conduct. Plaintiffs' evidence falls short of raising a question as to whether defendant recklessly disregarded their rights or safety. *See Lutz Industries, Inc. v. Dixie Home Stores*, 242 N.C. 332, 88 S.E.2d 333 (1955).

Based upon the foregoing, we affirm the trial court's entry of summary judgment on plaintiffs' punitive damages claim.

Affirmed.

Judges EAGLES and PARKER concur.