**William M. CROSS and Frances Cross, Appellants,**

**v.**

**John B. EARLS, Appellee.**

Supreme Court of Tennessee.

Dec. 16, 1974.

Dwayne D. Maddox, Maddox & Radford, Huntingdon, for appellants.

Allen J. Strawbridge, Jr., Strawbridge & Strawbridge, Dresden, for appellee.

## OPINION

COOPER, Justice.

This is an appeal from an interlocutory decree entered in the Circuit Court of Weakley County.

John B. Earls filed a tort action against Frances Cross and her son, William M. Cross, to recover damages for personal injuries and to recover property damage resulting from an automobile accident which occurred on November 22, 1972, in the intersection of Como Road and State Highway 22 in Weakley County, Tennessee. The Cross's filed a motion to dismiss pred-

icated upon a release executed by plaintiff. The trial court sustained the motion as to the claim for property damage, leaving in force the action for personal injuries. The Cross's have appealed, insisting the release is a bar to all claims arising out of the accident.

The release, dated June 11, 1973, is as follows:

"I, J. B. Earle, of Greenfield, Tennessee, do hereby execute this property settlement release and acknowledge payment in full for damages done to my 1968 Plymouth automobile which was involved in an accident on 11–22–72 with an automobile driven by William M. Cross.

"For, and in receipt of, the sum of Five Hundred Fifty Dollars ($550.00), I hereby release William M. Cross of Trezevant, Tennessee; Frances Cross of Trezevant, Tennessee, and Dwayne Ervin of Gleason, Tennessee, from the property damage which was done to my above mentioned automobile."

Generally speaking, the scope and extent of a release depends on the intent of the parties as expressed in the instrument. A general release covers all claims between the parties which are in existence and within their contemplation; a release confined to particular matters or causes operates to release only such claims as fairly come within the terms of the release. Glover v. Southern Bell Telephone & Telegraph Co. et al., 229 Ga. 874, 195 S.W.2d 11; 76 C.J.S. Release § 51, p. 695; 66 Am.Jur.2d, Release, Section 29, p. 706.

The language of the release in this case is clear and cogent. It contains no terms which could be deemed as a general release of all claims or a release of any claim except the claim for damage to the automobile.

"A release which is confined or which is construed as being confined to claims or demands arising from, or relating to, a

specified matter operates to release all the particular claims or demands properly embraced in the specifications, but it does not release other claims or demands, . . ." 76 C.J.S. Release § 51, p. 696.

Judgment affirmed. The case is remanded to the Circuit Court of Weakley County for trial. Costs of this appeal are adjudged against the appellants, Frances Cross and William M. Cross, and their surety.

FONES, C. J., and BROCK, HENRY, and HARBISON, JJ., concur.