**J. D. EVANS, Admin. of the Estate of Shirley Evans, Deceased, Appellant,**

v.

**TILLETT BROS. CONST. CO., INC., and McKinnon Bridge Company, Appellees.**

Court of Appeals of Tennessee, Eastern Section.

July 28, 1976.

Certiorari Denied by Supreme Court Nov. 1, 1976.

Leonard M. Caputo, Fillauer, Dietrich & Caputo, Cleveland, for appellant.

Michael C. Callaway, Bell, Painter, McMurray, Callaway, Brown & Mashburn, Cleveland, for appellees.

## OPINION

THAYER, Special Judge.

This action was instituted for the recovery of damages for the wrongful death of Shirley Evans, a minor 17 years of age, who was riding as a passenger in an automobile driven by Buster Bussell and which collided with another vehicle being operated by Arnold Moody. The Complaint was filed against Tillett Brothers Construction Company, Inc. and McKinnon Bridge Company under allegations of negligence in the construction of a highway where the accident occurred.

The appeal resulted from a ruling of the Circuit Court in sustaining a motion for summary judgment filed by the Defendants to the cause of action set forth in the Complaint.

After answering the Complaint, the Defendants filed a third-party action against Arnold Moody, the driver of one of the vehicles alleged to be involved in the accident. This suit was predicated upon the theory that the third-party defendant was the responsible party for the cause of the accident but charged that in the event the construction companies were adjudged to be liable to the plaintiff administrator, they sought contribution from Moody.

Shortly after this third-party action was served an order was entered by the Court dismissing the same because it was concluded that the action was barred by virtue of certain provisions of the Uniform Contribution Among Tort-Feasors Act, T.C.A. 23–3105(b). The order of dismissal recited: "Upon the application of the defendant, the agreement of the parties, and it appearing to the Court that the third-party defendant, Arnold L. Moody, having been released by J. D. Evans and Mildred Evans, the next of kin and father and mother of Shirley Evans, Deceased, a copy of the aforesaid release being attached hereto as an exhibit to this order, and it further appearing that said release falls within the provisions of the Uniform Contribution Among Tort-Feasors Act, Tennessee Code Annotated, 23–3101, et seq., which more specifically provides with respect to such releases that: T.C.A. 23–3105(b) It discharges the tort-feasor to whom it is given from all liability for contribution to any other tort-feasor." It should be noted that there is no issue regarding the entry of this order dismissing the third-party complaint but the assignment of error relates solely to the sustaining of the motion for summary judgment against the Complaint.

Upon the dismissal of the third-party action, Defendants filed a summary judgment motion insisting that the settlement entered into by the plaintiff with driver Arnold Moody required the Court to dismiss the Complaint because (1) the release executed by the plaintiff to Moody had the effect of releasing Moody and *all other persons* liable or who might be claimed to be liable and (2) the provisions of T.C.A. 23–3105(a), Uniform Contribution Among Tort-Feasors Act, provides that a suit cannot be maintained under such circumstances where a particular tort-feasor is released in addition to express language releasing all other tort-feasors. In support of the summary judgment motion, counsel for Defendants filed an affidavit and a copy of the executed release in question.

The release appears to have been executed upon a printed form where blank spaces were left available in order that it could be used in any appropriate case. The consideration, name of party released, date and place of the accident were all filled in by the use of a pen. It was dated September 24, 1973, approximately seven months prior to the filing of the Complaint, and was executed by Plaintiff and his wife for the consideration of $10,000.00.

The following language appeared therein: "the undersigned hereby releases and forever discharges Arnold L. Moody his heirs, executors, administrators, agents and assigns, and all other persons, firms or corporation liable or who might be claimed to be liable" . . .

In response to the motion filed by Defendants, plaintiff denied that the suit was subject to being dismissed as a matter of law and he filed in evidence an affidavit which stated that before he and his wife signed the release, they were advised by the State Farm Mutual Insurance adjustor that the release only operated to release Arnold Moody from responsibility, and that the adjustor filled in all blank spaces on the release form, and that plaintiff relied upon the adjustor's representation in executing the document in question.

■ In reviewing the assignment of error and in determining whether or not the evidence submitted in connection with the motion for summary judgment created any issue of fact material to the case, we must

examine the evidence in its most favorable light to the Appellant being mindful of the rule that proceedings for summary judgment are not in any sense to be used as a substitute for the trial of disputed factual issues. *Layhew v. Dixon,* 527 S.W.2d 739 (Tenn., 1975).

■ Generally, the scope and extent of a release depends on the intent of the parties as expressed in the instrument. A general release covers all claims between the parties which are in existence and within their contemplation; a release confined to particular matters or causes operates to release only such claims as fairly come within the terms of the release. *Cross v. Earls,* 517 S.W.2d 751 (Tenn., 1974).

■ Ordinarily, one having the ability and opportunity to inform himself of the contents of a writing before he executes it will not be allowed to avoid the effect of it by showing that he was ignorant of its contents or that he failed to read it. Where a release has been executed in writing without fraud, misrepresentation or duress and with every reasonable opportunity for consideration of its terms, it will be binding. *Akard v. Standard Accid. Co.,* 8 Tenn. C.C.A. 497 (Higgins).

In 66 *American Jurisprudence* 2d 706, section 30, we find the following language to be applicable:

"The scope of a release is determined by the intention of the parties as expressed in the terms of the particular instrument, considered in the light of all the facts and circumstances. The intention of the parties is to be gathered from the entire instrument and in such inquiry that construction will be adopted which gives effect to each and every part of the instrument where that is possible. In interpreting a release to determine whether a particular claim has been discharged, the primary rule of construction is that the intention of the parties shall govern and this intention is to be determined with a consideration of what was within the contemplation of the parties when the release was executed, which in turn is to be resolved in the light of all of the surrounding facts and circumstances under which the parties acted."

In the case of *Hixson v. Stickley,* 493 S.W.2d 471 (Tenn., 1973) an identical issue developed in the trial court regarding the release of a particular tort-feasor and "all other persons, firms or corporations liable or who might be claimed to be liable" but plaintiff took a voluntary dismissal of the case and the question on appeal only related to plaintiff's right to dismiss in view of the motion that was then pending.

Although it is not applicable to the case before us for decision, we note in passing that under T.C.A. 23–3002 relief in the nature of rescission is expressly authorized from fraudulent or mistaken settlements.

■ Generally, whether a release has been executed under mutual mistake of a material fact is a question for the jury. *Warren v. Crockett,* 211 Tenn. 173, 364 S.W.2d 352 (1962). And a release, the execution of which is procured by false and fraudulent representations is voidable or void, and may be set aside at the instance of the party defrauded. There is abundant authority to support the rule that a false representation as to one of several matters which is material and which enters into the consideration in procuring a settlement is sufficient to render a release void. *Crigger v. Mutual Ben. Health & Accid. Assn.,* 17 Tenn.App. 636, 69 S.W.2d 907 (1934).

With these general principles of law in mind, we finally reach the specific question of whether or not the trial court was in error in concluding that there was no genuine issue as to any material fact and awarding the Defendants a judgment as a matter of law.

The particular section of the Uniform Contribution Among Tort-Feasors Act invoked in this case is T.C.A. 23–3105(a). As noted in *Massey v. Sullivan County,* 225 Tenn. 132, 464 S.W.2d 548 (1971), this part of the Uniform Act radically changes the common law rule with respect to the effect of releases and provides that a release or covenant not to sue given in good faith does not discharge any of the other tort-feasors from liability "unless its terms so provide".

Since Tennessee courts have not passed on the issue, Appellees have cited in their brief a number of cases from other jurisdictions where the question has arisen under similar provisions of the Uniform Act. We have examined these authorities and find many to be factually different from the record before us for decision.

In *Morison v. General Motors Corp.,* 428 F.2d 952 (5th Cir. 1970) and in *Hasselrode v. Gnagey,* 404 Pa. 549, 172 A.2d 764 (1961) there was no evidence that an adjustor had made a representation with regard to the scope of the release shortly before its execution. We also find that in *Peters v. Butler,* 253 Md. 7, 251 A.2d 600 (1969) a similar question was not decided upon a summary judgment motion but following a trial where the court concluded: "the evidence not only did not support the Peterses' contention of mistake (not only mutual as they claimed but not even unilateral) but that the proof was that all the parties intended just what they agreed to in the release."

We believe that the affidavits submitted in support of the motion created a material issue of fact with regard to the intention of the parties in releasing an unnamed tort-feasor, and while it may be determined from the trial of this issue that the weight of the evidence compels the conclusion that the language of the release instrument must prevail or that it is consistent with the intention of the parties, the existence of this genuine issue of fact precludes a determination of the matter upon the record in support of the motion.

■ We do not find that our decision in any way interferes with the language of the statute but find that it promotes its underlying policy and intent to permit parties to discharge unnamed tort-feasors where the parties have so agreed and contracted. Nor do we find that it conflicts with the parol evidence rule as insisted by Appellees. The parol evidence rule applies only between the parties to the written contract and strangers cannot raise the question of the admissibility of parol evidence to vary a written contract. *Isabell v. Aetna Insur. Co., Inc.,* 495 S.W.2d 821 (Tenn.App., 1972).

■ Therefore, we hold that a genuine issue of fact exists regarding the scope of the release in question and that the Court was in error in sustaining the motion for summary judgment and dismissing the action.

It results that the assignment of error is sustained and the case is remanded to the Circuit Court for further proceedings consistent with this opinion.

The costs of the appeal are taxed equally to Appellees with the costs in the trial court to be determined there.

SANDERS and GODDARD, JJ., concur.