**Gloria S. McGINNIS, et vir., Plaintiffs-Appellants,**

v.

**Rodney L. MILLS, et al., Defendants-Appellees.**

Court of Appeals of Tennessee, Eastern Section.

May 13, 1987.

Permission to Appeal Denied by Supreme Court July 27, 1987.

Robert E. Pryor and Mark E. Floyd, Pryor, Flynn, Priest & Harber, Knoxville, for plaintiffs-appellants.

Brian H. Trammell and Robert M. Shelor, Kennerly, Montgomery & Finley, P.C., Knoxville, for defendants-appellees.

## OPINION

FRANKS, Judge.

In this action, Allstate Insurance Company, before the court pursuant to T.C.A., § 56-7-1206, was dismissed from the tort action against the third party tort feasor by summary judgment.[1]

One of the documents appended to Allstate's motion provides: "In consideration of the payment of Nine Hundred & twenty-six and 00/100 dollars by ALLSTATE, the receipt of which is hereby acknowledged, the COMPANY is hereby released and discharged from any and all liability whatsoever under the Uninsured Motorist Coverage...." The other document was a subrogation agreement, subrogating Allstate to recover from the third party the amount of property damage and medical payments made to the insured, McGinnis.

On May 16, 1984, the plaintiff, while operating a motor vehicle along Cumberland Avenue in Knoxville, was involved in an accident with Rodney Mills. After retaining counsel and on September 14, 1984, plaintiff executed the above mentioned document for the stated consideration. According to plaintiff's affidavit, at the time she executed the document, she had been diagnosed as having hyperthyroidism but had been advised it was unrelated to the accident. In January, 1985, while under the care of a specialist in endocrinology, Dr. Jahangir Cyrus, whose affidavit is in the record, plaintiff was advised she had a dormant thyroid condition that, as a result of trauma, became active.

In deciding a motion for summary judgment, the court must view the pleadings and evidence before it in the light most favorable to the opponent of the motion and, if there is a disputed issue of material fact, the motion must be overruled. *Taylor v. Nashville Banner Pub. Co.*, 573 S.W.2d 476 (Tenn.App.1978); *cert. denied* 441 U.S. 923, 99 S.Ct. 2032, 60 L.Ed.2d 396 (1979). Plaintiffs argue the insurance company's release should be set aside on the grounds of a mutual mistake of fact.

It is well established that a release based on a mutual mistake of material fact is voidable and may be rescinded. *Hill v. A.O. Smith Corp.*, 801 F.2d 217 (6th Cir. 1986); *Warren v. Crockett*, 211 Tenn. 173, 364 S.W.2d 352 (1962); *Met. Life Ins. Co. v. Humphrey*, 167 Tenn. 421, 70 S.W.2d 361

---

1. Allstate's motion to dismiss pursuant to T.R. Civ.P., Rule 12, appended a copy of the release taken from the McGinnises who filed affidavits in response; the motion was, therefore, to be "treated as one for summary judgment". *See* T.R.Civ.P., Rule 12.02.

(1934); *Evans v. Tillett Bros. Const. Co., Inc.,* 545 S.W.2d 8 (Tenn.App.1976); *Collier v. Walls,* 51 Tenn.App. 467, 369 S.W.2d 747 (1962). *See also Cen. Franklin Process Co. v. Gann,* 175 Tenn. 267, 133 S.W.2d 503 (1939) (workers' compensation case in which compromise settlement was set aside).

■ A release of liability for personal injury claims may be avoided on grounds of a mutual mistake as to the nature and extent of the injury sustained. *Warren v. Crockett, supra.*

■ Whether a release has been executed under a mutual mistake of material fact is a question of fact to be resolved by the trier of fact. The record before us establishes such an issue to be resolved. The judgment of dismissal is vacated and the cause remanded to the trial court for an evidentiary hearing on the issue of whether the release should be rescinded on a mutual mistake of material fact.

Cost incident to the appeal is assessed to appellee.

SANDERS, P.J. (E.S.), and WILLIAM H. INMAN, Special Judge, concur.