Kim L. MILLER, Plaintiff–Appellant,

v.

EAST TENNESSEE TRUCKS, INC., and American Southern Insurance Company, Defendants–Appellees.

Court of Appeals of Tennessee, Eastern Section.

March 4, 1988.

Permission to Appeal Denied by Supreme Court July 18, 1988.

Herbert B. Williams, Phillips & Williams, P.C., Oneida and Holt Smith, Madisonville, for plaintiff-appellant.

R. Thomas Stinnett, Stone & Hinds, P.C., Knoxville, for defendant-appellee, East Tennessee Trucks, Inc.

Dennis J. Webb and Wayne D. McGrew, III, Webb, Carlock, Copeland, Semler & Stair, Atlanta and Archie R. Carpenter, Carpenter & O'Connor, Knoxville, for defendant-appellee, American Southern Ins. Co.

## OPINION

FRANKS, Judge.

Plaintiff's action for the value of a 1979 Peterbilt truck and other damages was dismissed by summary judgment on the grounds plaintiff had released East Tennessee Trucks, Inc., from all claims and American Southern Insurance Company was the titled owner of the truck.

On October 29, 1984, plaintiff purchased the truck from East Tennessee Trucks, Inc., for the sum of $33,723.39. A short time after the sale, plaintiff determined the truck's engine was smaller than the engine advertised by the defendant in a trade publication. These parties negotiated a settlement to cover the discrepancy, wherein plaintiff was paid $1,895.00, as consideration for a general release.[1]

Plaintiff used the truck to haul for a Georgia trucking company but his application for a Georgia title was rejected because of a discrepancy in the odometer statements. The application was returned to Ford Motor Credit Company, the lienholder, who returned the application to East Tennessee Trucks, the seller, who held the rejected application for several months without any further action. Subse-

---

1. The release provided:

In consideration of One Thousand, Eight Hundred Ninety-five Dollars ($1,895), receipt of which is acknowledged, Miller voluntarily and knowingly executes this Release with the express intention of effecting the extinguishment of obligations as herein designated.

Miller, with the intention of binding himself and his heirs, legal representatives, and assigns, expressly releases and discharges East Tennes-

see Trucks, Inc., from all claims, demands, actions, judgments, and executions that Miller ever had, or now has, or may have, known or unknown, or that anyone claiming through or under him may have, or claim to have, against East Tennessee Trucks, Inc., or its successors, created by, or arising out of the sale to Miller by East Tennessee Trucks, Inc., of that certain 1979 Peterbilt Tractor, ...

quently, plaintiff refinanced the truck and, when he attempted to pay off the debt and obtain the title from Ford Motor Credit, he was informed no title had been obtained. Miller then applied for a Tennessee title and was informed the truck had been reported stolen. American Southern Insurance Co., then took possession of the vehicle.

American Southern claims ownership by a bill of sale and transfer of a copy of a title by one of its insureds, Frank Vallejo. According to the insurance company's records, Vallejo reported the truck as stolen on April 25, 1984, the truck having been parked at a truck stop since February 24, 1984. The insurance company paid Vallejo under the theft coverage of his policy.

On March 4, 1984, Wheels, Incorporated sold the truck to defendant East Tennessee Trucks. The truck was promptly sold to a Jeffery Snyder, who obtained a title to the truck from the State of South Carolina. Subsequently, Ford Motor Credit repossessed the truck because of non-payment by Snyder and returned the truck to East Tennessee Trucks. Plaintiffs then purchased the truck. In the record is a copy of a certificate of title to Frank Vallejo with a purported assignment by Frank Vallejo to Wheels, Incorporated.

Plaintiff asserts there is an issue of material fact as to the ownership of the truck but the insurance company argues it has superior title, which is supported by the bill of sale and a signed copy of the title and a statement of loss, all executed by Frank Vallejo. The validity of the respective titles is a disputed issue of material fact to be resolved by the trier of fact.

East Tennessee Trucks claims entitlement to summary judgment on the basis of the release, arguing the broad language includes plaintiff's title claim. On the date of the execution of the release neither plaintiff nor East Tennessee Trucks "had any reason to believe there was any problem with the title to the truck".

A general release covers all claims between the parties which are in existence and within their contemplation at the time of its execution, *Cross v. Earls*, 517 S.W.2d 751 (Tenn.1974), but it is well-settled that a release based on a mutual mistake of a past or present fact may be voided. *Warren v. Crockett*, 211 Tenn. 173, 364 S.W.2d 352 (1962); *McGinnis v. Mills*, 733 S.W.2d 888 (Tenn.App.1987). The record presents an issue of material fact as to whether plaintiff's claim before the court was within the contemplation of the parties at the time the release was given. In this regard, the adequacy of the consideration may be considered along with the other evidence in determining whether the parties were mutually mistaken. 66 Am.Jur. 746, *Release*, § 61.

Defendants are correct in their insistence that the language in the release covers this claim;[2] however, we adopt the observations of the Maryland Court of Appeals in a case with analogous facts:

> It is one of the familiar powers of a court of equity to correct a mutual mistake contained in a written instrument. It would be unconscionable to enforce such an instrument when one of the parties thereto would be enriched, and the other party subjected to irreparable damage because of a mutual mistake.

*England v. Universal Finance Co.*, 186 Md. 432, 47 A.2d 389 at 391, (1946).

We vacate the summary judgment on the disputed issues of fact and remand for further proceedings consistent with this opinion, with costs of appeal assessed one-half to each appellee.

SANDERS, P.J., and WILLIAM H. INMAN, Special Judge, concur.

---

**2.** This facet of the issue was not raised in defendants' answer which does not raise the affirmative defense of release.