IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
December 6, 2017 Session

## LESLIE JOHANSEN v. LEON SHARBER, ET AL.

**Appeal from the Circuit Court for Rutherford County**
**No. 69761      Mitchell Keith Siskin, Judge**

_____

### No. M2017-00639-COA-R3-CV

_____

This appeal concerns a release of liability. Leslie Johansen ("Johansen") was a passenger in an ATV accident that resulted in the death of the driver, Lee Martin Sharber. Johansen sued Leon Sharber, Personal Representative of Lee Martin Sharber's Estate, in the Circuit Court for Rutherford County ("the Trial Court") alleging negligence. Johansen's uninsured motorist carrier, GEICO Casualty Company ("GEICO"), was joined as a defendant. While the tort action was underway and without GEICO's approval, Johansen executed a release of claim regarding the Personal Representative which was filed in the Probate Court for Rutherford County ("the Probate Court"). GEICO filed a motion for summary judgment, arguing that, as a result of the release, Johansen forfeited any recovery rights she had against GEICO. The Trial Court granted summary judgment to GEICO. Johansen appealed. We hold that the release executed by Johansen served to release GEICO from any liability arising from Johansen's personal injury claim stemming from the ATV accident. We affirm the judgment of the Trial Court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed;**
**Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which RICHARD H. DINKINS and JOHN W. MCCLARTY, JJ., joined.

Henry S. Queener, Nashville, Tennessee, for the appellant, Leslie Johansen.

C. Benton Patton and Britney K. Pope, Nashville, Tennessee, for the appellee, GEICO Casualty Company.

Herbert H. Slatery, III, Attorney General and Reporter, Andrée S. Blumstein, Solicitor General, and Lindsay H. Sisco, Assistant Attorney General, for the intervenor-appellee, the Tennessee Attorney General.

# OPINION

## Background

In November 2014, Johansen filed a claim against the Estate of Lee Martin Sharber in the Probate Court for medical bills and personal injury. In May 2015, Johansen sued Leon Sharber, Personal Representative of the Estate of Lee Martin Sharber, in the Trial Court. In this latter case, Johansen alleged that she was injured as a result of negligence in the ATV accident. GEICO, Johansen's uninsured motorist carrier, was served and joined as a party. In July 2015, Johansen executed a release of claim in the Probate Court without GEICO's consent. The effect of this release of claim is the central disputed issue on appeal.

In November 2016, GEICO filed a motion for summary judgment. GEICO asserted that the release of claim served to settle Johansen's tort claim and extinguished GEICO's subrogation rights releasing GEICO from any liability to Johansen under the insurance policy. In December 2016, Johansen filed a response to GEICO's motion, arguing among other things that neither Johansen nor the Personal Representative had intended to settle the tort claim, and that, in any case, the Probate Court lacked jurisdiction to dispose of tort claims. Johansen argued also that the summary judgment standard set forth at Tenn. Code Ann. § 20-16-101, which GEICO had cited, violated the separation of powers doctrine and was unconstitutional. The Attorney General of Tennessee intervened to defend the statute. In February 2017, the Trial Court entered an order granting summary judgment to GEICO. The Trial Court attached its detailed findings of fact and conclusions of law, which stated in part:

> The undisputed facts are as follows. The Plaintiff, Leslie Johansen, was a passenger in an ATV accident that occurred on July 13, 2014. The driver of the vehicle, Lee Martin Sharber, was killed in the accident. Defendant Leon Sharber is the Administrator of the probate estate of Lee Martin Sharber, pursuant to the Order of the Probate Court of Rutherford County. Defendant GEICO is the Plaintiff's uninsured motorist carrier. On November 5, 2014, the Plaintiff filed a claim against the Estate of Lee Martin Sharber in the Probate Court, in the amount of $150,000.00. On her Probate Court claim form, the Plaintiff described the "Items and Nature of Claims" as "Medical Bills/Personal Injury (Estimate)." On July 15, 2015 (during the pendency of the case at bar), the Plaintiff executed a "Release and Acknowledgment of Satisfaction of Claim" (hereinafter 'Release'), and filed the same with the Probate Court the following day. The complete text of the Release, set forth under the caption of the Probate Court case, is as follows:

The undersigned, Leslie Johansen, acknowledges full and complete satisfaction of the claim filed against the Estate and releases the Personal Representative from any further liability on the claim of $150,000.00 that the undersigned filed against the Estate.

Both the Plaintiff and the Administrator now insist that they did not intend the Release to affect the case at bar in any way. GEICO was not involved with the execution of the Release in any way, did not consent to the Plaintiff's execution of the Release, and was not informed of the existence of the Release until after its execution. After execution of the Release, the Plaintiff was allowed by Leon Sharber (in his capacity as Executor of the estate) to retain possession of a semi-truck which the decedent had owned. The semi-truck was eventually sold, and the Plaintiff received a portion of the proceeds therefrom.

The Trial Court went on to articulate its rationale for finding in favor of GEICO, stating as follows:

GEICO argues, persuasively, that the effect of the Release was to destroy its subrogation rights pursuant to T.C.A. § 56-7-1206 and under its contract with the Plaintiff. Clearly, the Release was a general release as to the July 13, 2014 ATV accident. The scope and extent of a release depends on the intent of the parties as expressed in the instrument. Cross v. Earls, 517 S.W.2d 751, 752 (Tenn. 1974). As quoted above, the instrument in question herein acknowledged "full and complete satisfaction" of the claim filed by the Plaintiff in the Probate case, and further released the "Personal Representative from any further liability on the claim of $150,000.00." As also quoted above, the "claim" that was released was for "Medical Bills/Personal Injury (Estimate)" in the amount of $150,000.00, stemming from the ATV accident. This broad, all-encompassing language demonstrates the intent of the parties to the Release that it operate as a general release as to the ATV accident. See Id. (General release covers all claims between the parties which are in existence and within their contemplation). When the Plaintiff relinquished her rights through the execution of the Release, she also extinguished the rights of GEICO under its claim for subrogation. See Doss v. Tennessee Farmers Mutual Ins. Co., 2001 WL 1565883 at *3, No. M2000-01971-COA-R3-CV (Tenn. Ct. App., M.S., Dec. 10, 2001).

-3-

As to the Plaintiff's argument that the Release did not operate to release any claims against Leon Sharber, insomuch as it released only the estate, such is contradicted by the plain language of the Release itself, which specifically provides that it "releases the Personal Representative" from any further liability on the personal injury claim. The Defendant in the case at bar is "Leon Sharber, Administrator of Estate for Lee Martin Sharber," not Leon Sharber individually on his own behalf. The Defendant herein is, therefore, the same entity -- the personal representative of the estate -- who was released from liability in the general Release filed with the Probate Court. Accordingly, the Plaintiff's assertion that the Release somehow only operated to release the Estate of Lee Martin Sharber is simply not correct.

With respect to the Plaintiff's argument that the Release, having been prepared under the auspices and caption of the Probate Court case, could not legally affect the tort ease at bar, such is without merit. Although the Plaintiff is correct in her assertion that the Probate Court lacks jurisdiction to dispose of tort claims, the proof of claim that the Plaintiff filed in the Probate Court did indeed specify that it was intended to preserve her claim for "Medical Bills/Personal Injury (Estimate)." There was no challenge to, or ruling regarding the Plaintiff's claim in Probate Court, and the claim was ultimately settled pursuant to the Release. The Probate Court's lack of jurisdiction over tort claims is inapposite; the claim was raised, negotiated, and settled. Further, the undisputed proof shows, that the parties acted in reliance on the Release when Leon Sharber transferred ownership of the semi-truck to the Plaintiff, and the Plaintiff subsequently sold the truck and received funds from the sale. These facts support the Plaintiff's clear intent to settle her tort claim. The Release is valid, notwithstanding the Probate Court's lack of tort jurisdiction.

The Plaintiff further argues that GEICO was not an intended beneficiary to the contract (the Release), and therefore cannot enforce the Release. This argument is misplaced, because as the uninsured motorist carrier, GEICO "stands in the shoes" of the owner or operator of the uninsured vehicle involved in the accident. *See* T.C.A. § 56-7-1206(a). Accordingly, by operation of law, GEICO can indeed enforce the Release, regardless of whether it was an intended beneficiary of the contract.

Finally, the Plaintiff asserts that there was no meeting of the minds as to the release, and that such was not intended to impact the instant litigation. In support of this assertion, the Plaintiff relies upon the affidavits of herself and Leon Sharber, both of which state that they did not intend to affect the case at bar when they executed the Release. However, when the plain meaning of a contract can be ascertained from the language within the

-4-

four corners of the document, the parol evidence rule prevents the Court from considering other contradictory evidence regarding the parties' intentions. *See* <u>Farmers & Merchants Bank v. Petty</u>, 664 S.W.2d 77, 82 (Tenn. App. 1983), *perm. app. denied* 12/19/83.

### *Conclusion*

Since GEICO has affirmatively negated an essential element (i.e., liability) of the Plaintiff's claim against it, summary judgment is appropriate, and GEICO's motion must be granted. Mr. Patton will kindly prepare an Order consistent with this ruling. This letter will become part of the record in this cause.

The Trial Court also entered an order dismissing Johansen's constitutional challenge to Tenn. Code Ann. § 20-16-101, stating:

This cause came before the Court on the 8th day of February 2017, pursuant to Rule 24 of the TENNESSEE RULES OF CIVIL PROCEDURE, following notice to the Attorney General that a challenge, under the Tennessee constitution to the constitutionality of Tenn. Code Ann. § 20-16-101 had been raised in Plaintiff's RESPONSE to Defendant Geico Casualty Company's MOTION FOR SUMMARY JUDGMENT. The Attorney General has intervened to defend the constitutionality of Tenn. Code Ann. § 20-16-101; and following briefing and argument in open Court, the Court finds as follows:

The Tennessee Supreme Court's decision in *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235 (Tenn. 2015) sets forth the standard courts must apply in deciding a motion for summary judgment and renders the question of whether Tenn. Code Ann. § 20-16-101 is constitutional moot.

It is therefore ordered that the challenge to the constitutionality of Tenn. Code Ann. § 20-16-101 raised in Plaintiff's RESPONSE to Defendant Geico's MOTION FOR SUMMARY JUDGMENT is denied and dismissed. All other matters are reserved for further orders of this court.

In April 2017, the Trial Court entered its "Order Entering Final Judgment," stating in part: "[T]he Order entered granting GEICO Casualty Company's Motion for Summary Judgment, originally entered on February 28, 2017 will now become a Final Order as to

-5-

GEICO Casualty Company, pursuant to Rule 54.02, as of the date of the entry of this Order. All other matters are reserved." Johansen timely appealed to this Court.[1]

## **Discussion**

Although not stated exactly as such, Johansen raises the following issues on appeal: 1) whether the Trial Court erred in dismissing Johansen's constitutional challenge to Tenn. Code Ann. § 20-16-101, the summary judgment standard enacted by the General Assembly; and, 2) whether the Trial Court erred in granting GEICO's motion for summary judgment.

We first address whether the Trial Court erred in dismissing Johansen's constitutional challenge to Tenn. Code Ann. § 20-16-101, the summary judgment standard enacted by the General Assembly. According to Johansen, the statute violates the separation of powers doctrine. Tenn. Code Ann. § 20-16-101 (Supp. 2017) provides:

> In motions for summary judgment in any civil action in Tennessee, the moving party who does not bear the burden of proof at trial shall prevail on its motion for summary judgment if it:
>
> (1) Submits affirmative evidence that negates an essential element of the nonmoving party's claim; or
>
> (2) Demonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.

The Attorney General correctly points out that the Trial Court did not rely on Tenn. Code Ann. § 20-16-101 in reaching its decision in this case. As reflected in the Trial Court's orders quoted above, the Trial Court applied the *Rye* standard for summary judgment established by our Supreme Court, not the summary judgment standard set out in Tenn. Code Ann. § 20-16-101. Therefore, Johansen's constitutional challenge entirely is moot, and need not be considered on its merits. We affirm the Trial Court in its dismissal of Johansen's constitutional challenge to Tenn. Code Ann. § 20-16-101.

The next and final issue we address is whether the Trial Court erred in granting GEICO's motion for summary judgment. As our Supreme Court has instructed regarding appellate review of a trial court's ruling on a motion for summary judgment:

---

[1] Leon Sharber is not a party to this appeal.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. We review a trial court's ruling on a motion for summary judgment de novo, without a presumption of correctness. *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997); *see also Abshure v. Methodist Healthcare–Memphis Hosp.*, 325 S.W.3d 98, 103 (Tenn. 2010). In doing so, we make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied. *Estate of Brown*, 402 S.W.3d 193, 198 (Tenn. 2013) (citing *Hughes v. New Life Dev. Corp.*, 387 S.W.3d 453, 471 (Tenn. 2012)).

\* \* \*

[I]n Tennessee, as in the federal system, when the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense. We reiterate that a moving party seeking summary judgment by attacking the nonmoving party's evidence must do more than make a conclusory assertion that summary judgment is appropriate on this basis. Rather, Tennessee Rule 56.03 requires the moving party to support its motion with "a separate concise statement of material facts as to which the moving party contends there is no genuine issue for trial." Tenn. R. Civ. P. 56.03. "Each fact is to be set forth in a separate, numbered paragraph and supported by a specific citation to the record." *Id.* When such a motion is made, any party opposing summary judgment must file a response to each fact set forth by the movant in the manner provided in Tennessee Rule 56.03. "[W]hen a motion for summary judgment is made [and] . . . supported as provided in [Tennessee Rule 56]," to survive summary judgment, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading," but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, "set forth specific facts" *at the summary judgment stage* "showing that there is a genuine issue for trial." Tenn. R. Civ. P. 56.06. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586, 106 S. Ct. 1348. The nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of

the nonmoving party. If a summary judgment motion is filed before adequate time for discovery has been provided, the nonmoving party may seek a continuance to engage in additional discovery as provided in Tennessee Rule 56.07. However, after adequate time for discovery has been provided, summary judgment should be granted if the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the existence of a genuine issue of material fact for trial. Tenn. R. Civ. P. 56.04, 56.06. The focus is on the evidence the nonmoving party comes forward with at the summary judgment stage, not on hypothetical evidence that theoretically could be adduced, despite the passage of discovery deadlines, at a future trial.

*Rye v. Women's Care Cntr. of Memphis, MPLLC*, 477 S.W.3d 235, 250, 264-65 (Tenn. 2015).

Johansen argues that, despite its plain and unambiguous language, the release of claim did not settle her tort claim. In support of her position, Johansen makes the following arguments: (1) The defendant in this matter is Leon Sharber rather than the Estate of Lee Martin Sharber; (2) any "claim" filed by Johansen in the Estate of Lee Martin Sharber cannot be a tort claim and therefore the "release of claim" cannot release any such tort claim; and (3) neither Johansen nor the personal representative ever intended to settle the tort claim.

Before addressing Johansen's points, we look to the case law regarding releases and the role of intent. In the *Peatross* case, this Court discussed as follows:

A release is a contract and the rules of construction applied to contracts are used in construing a release. *Richland Country Club, Inc. v. CRC Equities, Inc.*, 832 S.W.2d 554, 557 (Tenn. Ct. App. 1991). Generally speaking, the scope and extent of release depends on the intent of the parties as expressed in the instrument. A general release covers all claims between the parties which are in existence and within their contemplation; a release confined to particular matters or causes operates to release only such claims as fairly come within the terms of the release. *Cross v. Earls*, 517 S.W.2d 751, 752 (Tenn. 1974). In *Evans v. Tillett Bros. Constr. Co., Inc.*, 545 S.W.2d 8 (Tenn. Ct. App. 1976), the Court explained how the scope of a release should be determined:

The scope of a release is determined by the intention of the parties as expressed in the terms of the particular instrument, considered in the light of all the facts and circumstances. The

-8-

intention of the parties is to be gathered from the entire instrument and in such inquiry that construction will be adopted which gives effect to each and every part of the instrument where that is possible. In interpreting a release to determine whether a particular claim has been discharged, the primary rule of construction is that the intention of the parties shall govern and this intention is to be determined with a consideration of what was within the contemplation of the parties when the release was executed, which in turn is to be resolved in the light of all of the surrounding facts and circumstances under which the parties acted.

*Id.* at 11; *see also, Richland*, 832 S.W.2d at 557; *Jackson v. Miller*, 776 S.W.2d 115, 118 (Tenn. Ct. App. 1989). Subsequent decisions have further explained that "[a] release ordinarily covers all such matters as may fairly be said to have been within the contemplation of the parties when it was given.... Consequently a demand of which a party was ignorant when the release was given is not as a rule ... embraced therein...." *Jackson*, 776 S.W.2d at 118 (*quoting* 76 C.J.S. Release § 52 (1952)).

In *Evans*, plaintiff signed an agreement releasing one tortfeasor from liability "and all other persons, firms or corporation liable or who might be claimed to be liable." *Evans*, 545 S.W.2d at 10. The defendants filed a motion for summary judgment asserting that the settlement agreement released them from liability as well. In response, plaintiff filed an affidavit indicating that he had been told that the agreement would only release the defendant driver and that he relied upon this representation when signing the agreement. *Id.* On review, the Court found "that the affidavits submitted in support of the motion created a material issue of fact with regard to the intention of the parties in releasing an unnamed tortfeasor...." *Id.* at 12. Consequently, the Court concluded that summary judgment was inappropriate. *Id.*

The Court, in *Louis Dreyfus Corp. v. Austin Co.*, 868 S.W.2d 649 (Tenn. Ct. App. 1993), applied the "intent" approach set forth in *Evans*. The Court first examined the language of the release and then considered the agreement's terms in light of the surrounding facts and circumstances. After considering both the terms of the agreement and the extrinsic evidence explaining those terms, the Court found that summary judgment was appropriate because "a jury could only conclude that the parties intended to release the claims now asserted by [plaintiff]." *Id.* at 656.

In *Richland*, defendants moved for summary judgment on the basis of a release included in an agreement with plaintiff. *Richland*, 832 S.W.2d at 557. Plaintiff presented two affidavits to show the intention of the parties when they signed the release agreement. In granting summary judgment, the trial court found that the agreement was unambiguous and therefore did not consider plaintiff's affidavits. On appeal, the Court recited the rules on the construction of a release agreement and found that the trial court erred: "[t]hus, it appears that the circumstances surrounding the execution of the documents in this case, the situation of the parties, the business to which the agreements related ... and the subject matter of the agreements in general should have been considered in construing the effect of the release." *Id*. at 557. Considering this new information, the Court found that summary judgment was inappropriate because "a trier of fact could draw different inferences about the parties' intent." *Id*. at 557.

*Peatross v. Shelby County*, No. W2008-02385-COA-R3-CV, 2009 WL 2922797, at *2-3 (Tenn. Ct. App. Sept. 10, 2009), *no appl. perm. appeal filed*.

In the present case, the language of the release is unambiguous. Johansen not only acknowledged complete and full satisfaction of the claim for medical bills and personal injury filed against the Estate, she released the Personal Representative from any further liability on the claim of $150,000. Johansen never has explained fully exactly what the parties were intending to do if not resolve the tort claim. It appears, rather, that Johansen simply now regrets having signed the release. In light of the release's unambiguous language and the lack of surrounding circumstances that would serve to invalidate the agreement, we see no justification for exploring further the parties' intent.

We also are unpersuaded by Johansen's argument concerning the identity of the defendant. The release of claim specifically released both the Personal Representative as well as the Estate. In addition, even if Johansen prevailed in her tort action, she would recover from the Estate of Lee Martin Sharber, not Leon Sharber, individually.

Finally, Johansen states correctly that the Probate Court could not dispose of a tort claim. However, that is not exactly what happened here. The Probate Court simply accepted the filing of the release of claim regarding the tort action. The Probate Court did not attempt to adjudicate the tort claim itself. Johansen and the Personal Representative settled the tort claim by contractual agreement.

There being no genuine issues of material fact in this case, and with GEICO having made a properly supported motion for summary judgment, we find no error in the

-10-

Trial Court's granting summary judgment to GEICO. We, therefore, affirm the judgment of the Trial Court.

## Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the Appellant, Leslie Johansen, and her surety, if any.

_____
D. MICHAEL SWINEY, CHIEF JUDGE