# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs October 31, 2023

## ERIC DANIEL PASCHKE v. JESSICA RUTH PASCHKE

**Appeal from the Chancery Court for Bradley County**
**No. 2022-CV-229   Jerri Bryant, Chancellor**

———————————————————

**No. E2023-00239-COA-R3-CV**

———————————————————

Appellant filed this declaratory judgment action against his sister, seeking to enforce a contract concerning property owned by the siblings' parents at their deaths. After a bench trial, the trial court found that the contract was unenforceable, as there was no meeting of the minds due to a mutual mistake of fact. The trial court further found that a conveyance of real property was barred by the statute of frauds. Because Appellant has failed to supply this Court with a transcript or statement of the evidence presented at trial, we must affirm the trial court's finding that there was no meeting of the minds due to a mutual mistake.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which ARNOLD B. GOLDIN, and KENNY ARMSTRONG, JJ., joined.

Jeffrey A. Miller, Cleveland, Tennessee, for the appellant, Eric Daniel Paschke.

Sheridan C.F. Randolph, Cleveland, Tennessee, for the appellee, Jessica Ruth Paschke.

## MEMORADUM OPINION[1]

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

# I. FACTUAL AND PROCEDURAL BACKGROUND

On July 26, 2022, Petitioner/Appellant Eric Daniel Paschke ("Appellant" or "Eric") filed a petition for a declaratory judgment in the Bradley County Chancery Court ("the trial court"). Therein, Appellant alleged that his stepmother, Donna Fay Paschke ("Mother") died intestate and was survived by her husband, Michael Paschke ("Father"), her daughter, Respondent/Appellee Jessica Ruth Paschke ("Appellee" or "Jessica") and another stepson, James Aaron Paschke ("James"). Father died two days after Mother, also intestate.

Appellant alleged that the family came together shortly after the deaths of Mother and Father, and entered into a written and signed distribution agreement. Appellant attached the "writing" to his petition. The handwritten document provides as follows:

The writing also contains three signature lines, which appear to reflect the signatures of all three children.

Appellant further alleged that despite signing this document, Appellee thereafter repudiated the agreement. Appellant therefore asked for a declaratory judgment declaring the writing to be an enforceable contract, as well as attorney's fees.

Appellee filed an answer on September 8, 2022. Therein, Appellee admitted that "there was a writing purportedly regarding property disposition" but argued that the writing was unenforceable. Appellee also asserted that her assent to the writing was procured with duress. As defenses in addition to duress, Appellee asserted that the contract lacked

consideration, was ambiguous, and was barred by the statute of frauds.

On November 1, 2022, Appellee filed a motion for summary judgment, arguing that no enforceable contract existed because the agreement lacked consideration, was "so vague and ambiguous as to prevent a court from being able to identify the property or enforce the terms[,]" and lacked identification or description of the land conveyed so as to satisfy the statute of frauds. Appellee supported her motion for summary judgment with a memorandum of law, her own affidavit, the affidavit of a witness to the agreement,[2] and a statement of undisputed material facts. Appellant thereafter responded in opposition, relying on his own affidavit.

For whatever reason, the case was not disposed of via summary judgment. Instead, the trial court conducted a bench trial "on the merits" on December 1, 2022. The trial court entered its final order dismissing Appellant's petition on January 24, 2023. As an initial matter, the trial court first ruled that James was a necessary party to the action,[3] and that, having waived service of process, he agreed to be bound by the trial court's order. The trial court then recited the proof submitted concerning the deaths of Mother and Father, as well as the execution of the writing in dispute. In particular, the trial court noted that the dispute concerned real property that was owned by Mother alone; Appellee was the only "natural child" of Mother. The trial court further found as follows:

> On Nov 17, 2021, days after the funeral, the parties met after the sudden death of both parents to talk about who wanted what in the estate. [Appellee] had met with an attorney and had given him information about both parents' deaths. The attorney told her something about administering both estates in the same probate. While it is unclear to Court what the attorney said, [Appellee] believed she was advised that both estates would be administered as one estate. This information was incorrect.
>     At the meeting of November 17th, upon discussion of who wanted which estate property, James [] wrote a document that was not produced at trial. [Appellee] wrote a second document; this document was signed by all three parties. The Court credits Katerina Kanavos's testimony describing [Appellee] as begging for additional time to think about everything before signing anything.

The trial court further detailed that "there could have been consideration," but "the lack of consideration was influenced by the fact" that the parties made "a mistake of fact and law between all of them in thinking that the real property was owned by both parents.

---

[2] This witness, Michaela Slater, stated in her affidavit that she "was left with the impression that the siblings' parents only had one home on one piece of property."
[3] James explained that he had not involved himself in the dispute in the interest of keeping family harmony.

It was not." As the trial court then explained,

> Since the parties did not make a knowing decision about who owned what and likewise did not know what they were giving up, there was a mutual mistake of fact. The real property belonged to [Mother]. None of the parties knew the law and none knew that the property was in [Mother's] name only. Further, probating both matters in one estate is mistake of law by the lawyer first advising [Appellee] on the probate matters.

The trial court therefore held that law providing that a contract among family "was enforceable where the parties acted with a full knowledge of their rights" was not applicable, citing **Wood v. Lowery**, 238 S.W.3d 747 (Tenn. Ct. App. 2007). The trial court further ruled that the contract failed because it did not include a sufficient property description to satisfy the statute of frauds pursuant to **Baliles v. Cities Service Company**, 578 S.W.2d 621 (Tenn. 1979). With regard to the personal property, the trial court held there was no meeting of the minds because there was "[n]o proof that everyone knew what property was referenced nor what their rights in the property were." So the trial court dismissed the petition for a declaratory judgment, and Appellant timely appealed to this Court.

## II. ISSUES PRESENTED

Appellant raises a single issue in this appeal, which is taken from his brief: "Whether the trial court erred in finding that the document entered into by the parties was not an enforceable contract."

## III. STANDARD OF REVIEW

"We review the judgment of a trial court in a bench trial *de novo* upon the record, according a presumption of correctness to the factual findings of the court below." **Marla H. v. Knox Cnty.**, 361 S.W.3d 518, 527 (Tenn. Ct. App. 2011) (citing Tenn. R. App. P. 13(d)). We review the trial court's legal conclusions de novo with no presumption of correctness. **Burress v. Shelby Cnty.**, 74 S.W.3d 844, 846 (Tenn. Ct. App. 2001).

## IV. ANALYSIS

In this case, the trial court made two alternative rulings in dismissing Appellant's petition for a declaratory judgment: (1) that there was no meeting of the minds on the contract due to a mutual mistake of fact and a mistake of law; and (2) that, at least as to the real property at issue, the contract failed due to the statute of frauds. When the trial court makes independent, alternative rulings in support of its decision, the appellant is required to appeal both rulings, lest his argument be waived. *See* **Hatfield v. Allenbrooke Nursing & Rehab. Ctr., LLC**, No. W2017-00957-COA-R3-CV, 2018 WL 3740565, at \*7 (Tenn.

Ct. App. Aug. 6, 2018) ("Generally, where a trial court provides more than one basis for its ruling, the appellant must appeal all the alternative grounds for the ruling." (citing 5 Am. Jur. 2d *Appellate Review* § 718; ***Tower Oaks Blvd., LLC v. Procida***, 219 Md. App. 376, 392, 100 A.3d 1255, 1265 (Md. 2014))). In other words, "where a trial court provides more than one separate and independent ground for its judgment and a party fails to appeal one or more of the independent grounds, we must affirm the judgment of the trial court on the ground that was not challenged on appeal." ***Buckley v. Elephant Sanctuary in Tenn., Inc.***, 639 S.W.3d 38, 55 (Tenn. Ct. App. 2021) (citing ***Hatfield***, 2018 WL 3740565, at *7).

Here, Appellant's designated issue broadly encompasses both rulings. And Appellant has specifically addressed both rulings in the argument section of his appellate brief. What Appellant has not done, however, is provide this Court with an appropriate record from which we can review both of these issues. "This Court's authority to review a trial court's decision is limited to those issues for which an adequate legal record has been preserved." ***Taylor v. Allstate Ins. Co.***, 158 S.W.3d 929, 931 (Tenn. Ct. App. 2004). To achieve this end, Rule 24 of the Tennessee Rules of Appellate Procedure requires that the appellant "have prepared" a transcript or statement of the evidence "as is necessary to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." Tenn. R. App. P. 24(b) (involving transcripts); *see also* Tenn. R. App. P. 24(c) (involving statements of the evidence). Thus, the appellant generally bears the burden of supplying this Court with a transcript or statement of the evidence in order to facilitate appellate review. *See* ***State v. Knowles***, 470 S.W.3d 416, 427 (Tenn. 2015).

The failure to present this Court with a transcript or statement of the evidence has significant consequences. Specifically, when the appellant fails to provide a transcript or statement of the evidence detailing the proof presented at trial, "this Court presumes that sufficient evidence existed to support the trial court's decision." ***Irvin v. City of Clarksville***, 767 S.W.2d 649, 653 (Tenn. Ct. App. 1988); *see also* ***Ramsay v. Custer***, 387 S.W.3d 566, 568 (Tenn. Ct. App. 2012) ("In the absence of a transcript or statement of the evidence, a conclusive presumption arises that the parties presented sufficient evidence to support the trial court's judgment, and this court will affirm the judgment."). "This conclusive presumption applies, however, to the trial court's factual findings concerning proof presented at trial and not to the trial court's conclusions regarding issues of law." ***In re Est. of Kysor***, No. E2014-02143-COA-R3-CV, 2015 WL 9465332, at *4 (Tenn. Ct. App. Dec. 28, 2015) (citing ***In re M.L.D.***, 182 S.W.3d 890, 894 (Tenn. Ct. App. 2005)); *see also* ***State ex rel. Weeks v. Kirkland***, No. E2007-01735-COA-R3-JV, 2008 WL 1765126, at *1 (Tenn. Ct. App. Apr. 17, 2008) ("No transcript of the evidentiary hearing has been filed in the record, but the issue before us is a question of law, and the Trial Court's decision does not enjoy a presumption of correctness.").

Here, the ultimate ruling by the trial court was that the parties had not entered into an enforceable contract. The question of whether a contract has been formed is a question of law. ***German v. Ford***, 300 S.W.3d 692, 701 (Tenn. Ct. App. 2009) (quoting ***Murray v.***

***Tenn. Farmers Assurance Co.***, No. M2008-00115-COA-R3-CV, 2008 WL 3452410, at *2 (Tenn. Ct. App. Aug.12, 2008)). But the trial court's conclusion that no contract was formed was based on two different rulings: (1) that there was no meeting of the minds due to a mutual mistake;[4] and (2) that at least part of the contract was barred by the statute of frauds.[5] Whether a contract is barred by the statute of frauds is also a conclusion of law that this Court reviews de novo. *See **Blair v. Brownson***, 197 S.W.3d 681, 683 (Tenn. 2006). In contrast, whether a meeting of the minds has occurred and whether there was a mutual mistake of fact are questions of fact to which the presumption of correctness attaches. *See **Wofford v. M.J. Edwards & Sons Funeral Home Inc***., 490 S.W.3d 800, 807 (Tenn. Ct. App. 2015) ("[W]hether a meeting of the minds occurred is a question of fact." (citation omitted)); ***McGinnis v. Mills***, 733 S.W.2d 888, 890 (Tenn. Ct. App. 1987) ("Whether a release has been executed under a mutual mistake of material fact is a question of fact to be resolved by the trier of fact."). Thus, the question of whether a mutual mistake prevented a meeting of the minds is "fact-based." ***Coakley v. Daniels***, 840 S.W.2d 367, 370 (Tenn. Ct. App. 1992). And "[w]here the issues raised go to the evidence, there must be a transcript" or statement of the evidence. ***Id.***

Although Appellee filed a motion for summary judgment in this case, there appears to be no dispute that the case was eventually tried as a bench trial. As such, a transcript or statement of the evidence is necessary for this Court to review the factual issues presented by this appeal. Without a transcript or statement of the evidence, we are simply unable to determine where the preponderance of the evidence lies. *See **Richardson v. Richardson***, No. M2020-00179-COA-R3-CV, 2021 WL 4240831, at *10 (Tenn. Ct. App. Sept. 17, 2021) ("Mother's failure to file a transcript or statement of the evidence means that we are largely unable to independently review the evidence to determine where the preponderance of the evidence lies.").

Appellant attempts to sidestep the lack of transcript or statement of the evidence by citing to the affidavits that were filed in conjunction with Appellee's motion for summary judgment. Nothing in the record, however, indicates that these affidavits were admitted as substantive evidence at trial. We have previously held that such affidavits cannot be considered a substitute for a transcript or statement of the evidence. *See **Harris v. White***, No. M2011-00992-COA-R3-CV, 2012 WL 1795086, at *9 & n.5 (Tenn. Ct. App. May 16,

---

[4] A contract "must result from a meeting of the minds of the parties in mutual assent to the terms, must be based upon a sufficient consideration, free from fraud or undue influence, not against public policy and sufficiently definite to be enforced." ***Higgins v. Oil, Chem., & Atomic Workers Int'l Union, Local # 3-677***, 811 S.W.2d 875, 879 (Tenn. 1991) (quoting ***Johnson v. Cent. Nat'l Ins. Co. of Omaha***, 210 Tenn. 24, 34–35, 356 S.W.2d 277, 281 (Tenn. 1962)).

[5] The statute of frauds applies to "any alienation of real property" and requires "a written memorandum or note evidencing the parties' agreement[.]" ***Waddle v. Elrod***, 367 S.W.3d 217, 224, 226 (Tenn. 2012). "[T]o comply with the statute of frauds, a memorandum of an agreement to sell must show, with reasonable certainty, the estate intended to be sold." ***Baliles v. Cities Serv. Co.***, 578 S.W.2d 621, 623 (Tenn. 1979).

2012) (holding that the presumption in favor of the trial court's finding would apply where the appellant provided this Court with only a portion of the transcript and an affidavit of his expert witness that "were not admitted into evidence but appear as trial exhibits for identification only"). Indeed, this Court has explained that

> [E]vidence introduced at trial takes the form of testimony of live witnesses who are subject to cross-examination, depositions of unavailable witnesses who have been available for cross-examination, and properly authenticated exhibits. The Tennessee Rules of Civil Procedure do not provide for the use of affidavits as evidence at trial except by consent.

*Nagarajan v. Terry*, 151 S.W.3d 166, 178 (Tenn. Ct. App. 2003) (citations omitted). Thus, without the consent of the parties, affidavits that may not be cross-examined are not considered proper evidence at trial. And Appellant has not asserted that the parties were not permitted the opportunity to present live testimony on this issue, as all parties were present for the trial. Moreover, the testimony of at least one witness who testified at the trial does not appear to have been the subject of an affidavit.[6] So it appears that the affidavits presented in the summary judgment stage are not an appropriate substitute for a transcript or statement of the evidence in this case.

In sum, the trial court made two interconnected factual findings—that, based on the evidence presented, no meeting of the minds occurred because the parties made a mutual mistake of fact. Because Appellant has failed to provide this Court with a transcript or statement of the evidence, we are unable to determine if the evidence preponderates against these findings. Instead, we must conclusively presume that the evidence presented supported the trial court's factual findings and we must therefore affirm the trial court's findings that a mutual mistake of fact prevented a meeting of the minds. Because these findings serve as a separate and independent basis for the trial court's decision to dismiss Appellant's petition for a declaratory judgment, we need not address Appellant's additional argument that the trial court erred in its application of the statute of frauds. *See Buckley*, 639 S.W.3d at 55.

## V. CONCLUSION

The judgment of the Bradley County Chancery Court is affirmed, and this cause is remanded for all further proceedings as may be necessary and in accordance with this Opinion. Costs of this appeal are taxed to Appellant, Eric Daniel Paschke, for which execution may issue if necessary.

---

[6] Specifically, the trial court credited some of the testimony of witness Katerina Kanavos. No affidavit from Ms. Kanavos is included in the technical record on appeal.

- 7 -

s/ J. Steven Stafford
J. STEVEN STAFFORD, JUDGE